Argued and submitted February 27, taken In Banc and resubmitted June 11, reversed and remanded for resentencing October 16, 1991, appellant's petition for reconsideration allowed by opinion February 12, 1992
See 111 Or App 382, 826 P2d 17 (1992)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN RAY JONES,
*Appellant.*

### (10 88 06275; CA A61548)

818 P2d 1286

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the briefs was Sally L. Avera, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Dave B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Buttler, J., concurring in part; dissenting in part.

Joseph, C. J., dissenting.

## ROSSMAN, J.

The issue in this case is whether a juvenile, remanded from juvenile court to circuit court and convicted of a crime other than aggravated murder, can be sentenced to a minimum prison term. ORS 161.620.

At the age of 17, defendant was remanded to circuit court, ORS 419.533(1), and convicted of murder and third degree robbery. ORS 163.115; ORS 164.395. On the murder charge, the trial court imposed a life sentence, with a minimum sentence of 25 years.[1] Defendant appeals, contending that ORS 161.620 prohibits imposition of the minimum sentence.

ORS 161.620 provides, in part, that a "sentence imposed upon any person remanded from the juvenile court * * * shall not include * * * any mandatory minimum sentence except that a mandatory minimum sentence under ORS 163.105(1)(c) [for aggravated murder] shall be imposed where the person was 17 years of age at the time of the offense." In *State v. Noble,* 94 Or App 123, 126, 764 P2d 949 (1988), *rev dismissed* 307 Or 506 (1989), we interpreted the phrase "mandatory minimum" to exclude minimum terms that a trial judge has the *discretion* to impose and to include minimum sentences that a trial judge is *required* by statute to impose and that a Parole Board cannot override. *Noble* allowed the imposition of a minimum term under ORS 144.110,[2] because a sentence imposed under that statute is discretionary and can be overridden by four members of the Parole Board.

---

[1] On the robbery charge, the trial court imposed a five-year sentence to be served concurrently.

[2] ORS 144.110 provides:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a) The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

"(b) The board shall not release a prisoner on parole who has been convicted of murder defined as aggravated murder under the provisions of ORS 163.095, except as provided in ORS 163.105."

■　　　Defendant contends that *Noble* was wrongly decided and should be overruled. He argues that the statute is not as clear and unambiguous as that case treated it and that the legislative history shows that ORS 161.620 was intended to bar imposition of *any* minimum term of imprisonment for a remanded juvenile, except in the specific instance of aggravated murder. Although we are unpersuaded by the legislative history that defendant cites, and still do not find the statute to be ambiguous,[3] we agree that the holding in *Noble* was overstated when it said, "Mandatory minimum sentences are those which neither the court *nor the Parole Board* has discretion to alter." 94 Or App at 125. (Emphasis supplied.) The reference to the parole board is overbroad. The sentence should have solely referred to the discretion of the court. Accordingly, we overrule the portion of *Noble* that pertains to the parole board.

■　　　We reaffirm that the phrase "mandatory minimum," as used in ORS 161.620, means only those minimum terms that the court is required by statute to impose. *See, e.g.,* ORS 163.115(3)(b); ORS 163.105; ORS 161.610. It does not refer to minimum terms that the court has discretion to impose. *See, e.g.,* ORS 163.115(3)(c); ORS 144.110(1). Defendant would have us hold that the phrase "mandatory minimum sentence" means "minimum sentence." We decline that invitation. Reading the qualifying term "mandatory" out of the statute would be contrary to ORS 174.010[4] and would render the phrase a meaningless redundancy.

■　　　In this case, the trial court relied on ORS 163.115(3) when it imposed the 25-year sentence. That statute provides,

---

[3] The phrase "mandatory minimum sentence" is used twice in ORS 161.620. The first time, it is used in a general sense. The second time, it is used with particular reference to ORS 163.105, which *requires* the court to sentence a defendant who has been convicted of aggravated murder, ORS 163.095, but not sentenced to death, to life imprisonment with a minimum of 30 years. The 30-year minimum is a "mandatory minimum sentence;" the trial court has no discretion not to impose it. Presumably, the legislature intended the phrase to carry the same meaning every time that it used it in the same sentence.

[4] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

in part:

> "(a) A person convicted of murder shall be punished by imprisonment for life.

> "(b) When a defendant is convicted of murder under this section, the court *shall* order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

> "(c) When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, *may* order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." (Emphasis supplied.)

Thus, defendant's 25-year sentence is actually comprised of two minimum sentences. The 10-year minimum sentence imposed under subsection (3)(b) is a mandatory minimum sentence. Because its imposition violates ORS 161.620, it is reversed. The 15-year minimum sentence imposed under subsection (3)(c) is a discretionary minimum sentence. It is affirmed.

Reversed and remanded for resentencing.

**BUTTLER, J.,** concurring in part; dissenting in part.

I agree with the majority that "mandatory minimum sentence" as used in ORS 161.620 prohibits a minimum sentence that the court, by statute, is required to impose, except the minimum sentence mandated by ORS 163.105(1) for aggravated murder. Accordingly, the 10-year sentence imposed on defendant is prohibited.[1]

However, I do not agree that the 15-year sentence was permissible under ORS 161.620. Defendant was convicted of murder. ORS 163.115(3) provides:

> "(a) A person convicted of murder shall be punished by imprisonment for life.

---

[1] I also agree that *State v. Noble,* 94 Or App 123, 764 P2d 949 (1988), *rev dismissed* 307 Or 506 (1989), should be overruled in part.

"(b)   When a defendant is convicted of murder under this section, the court *shall* order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c)   When a defendant is convicted of murder under this section, the court, *in addition to the minimum required by paragraph (b)* of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(d)   The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision." (Emphasis supplied.)

Although the additional 15-year minimum sentence that the court imposed under subsection (3)(c) is not one that the court was required to impose, that subsection presumes that the court has also imposed the mandatory 10-year minimum under subsection (3)(b). Because the presumed 10-year minimum is not permissible here, the predicate for the "additional" 15-year minimum is lacking, and the court was not authorized to impose it.

Accordingly, I would reverse both minimum sentences.

Warren and Edmonds, JJ., concur in this opinion.

**JOSEPH, C. J.,** dissenting.

Defendant contends that *State v. Noble,* 94 Or App 123, 764 P2d 949 (1988), *rev dismissed* 307 Or 506 (1989), was wrongly decided and should be overruled in its entirety. He points out (and the lead opinion apparently agrees) that ORS 161.620 is not as clear and unambiguous as *Noble* treated it. He argues that the legislative history compels the conclusion that the legislature meant to bar imposition of *any* minimum term of imprisonment on a remanded juvenile, except in the specific instance of aggravated murder. The lead opinion reaches some sort of compromise, which I cannot quite comprehend, that seems to be based on some policy that the legislature did not express. It is wholly wrong. Judge

Buttler is wrong in his concurrence and absolutely correct in his dissent.

The state does not dispute defendant's legislative history, but it argues that that history leads to a different result from the one that defendant seeks. In its supplemental brief, the state quotes what it calls "[t]he only discussion * * * in the legislative history that might shed any light on the issue" between a committee member and a witness in a hearing on a proposed amendment to the bill and character-izes the discussion as "distinctly inconclusive." That is close to the mark. In the absence of clear legislative history from which to devise intent, I would read the statute in the most straightforward manner and without inventing meanings for supposedly new legal terms, as the lead opinion apparently does.

Read without the lead opinion's policy gloss, ORS 161.620 prohibits the imposition of *any* mandatory prison term on a remanded juvenile, except if the conviction is under ORS 163.105. *Noble* was wrongly decided, and we should overrule it in its entirety.