Argued and submitted August 30, affirmed November 23, 1988, reconsideration denied January 13, petition for review allowed January 31, 1989 (307 Or 340)
See 307 Or 506 (1989)

## STATE OF OREGON,
*Respondent,*

*v.*

## KERRY ANTHONY NOBLE,
*Appellant.*

(86C-22355; CA A47047)

764 P2d 949

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

After committing a robbery at age seventeen, defendant was remanded to adult court. He pled guilty to robbery in the first degree, ORS 164.415, and was sentenced to fifteen years in prison. Pursuant to ORS 144.110, the trial court also imposed a five-year minimum sentence. On appeal, defendant argues that ORS 161.620 prohibits trial judges from imposing a minimum sentence on remanded juveniles under ORS 144.110.

ORS 161.620 provides:

"Notwithstanding any other provision of law, a sentence imposed upon any person remanded from the juvenile court under ORS 419.533 shall not include any sentence of death nor imposition of any *mandatory minimum sentence* except that a *mandatory minimum sentence* under ORS 163.105 *shall be imposed* where the person was 17 years of age at the time of the offense." (Emphasis supplied.)

ORS 144.110 states:

"(1)   In any felony case, the court *may impose* a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2)   Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a)   The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

"(b)   The board shall not release a prisoner on parole who has been convicted of murder defined as aggravated murder under the provisions of ORS 163.095, except as provided in ORS 163.105." (Emphasis supplied.)

By its terms, ORS 161.620 prohibits only *mandatory minimum sentences.*[1] Mandatory minimum sentences are

---

[1] Because the language of ORS 161.620 is clear and unambiguous, defendant's resort to legislative history is inappropriate. *Satterfield v. Satterfield,* 292 Or 780, 782, 643 P2d 336 (1982). We are not free to omit the word "mandatory" from the language of the statute. ORS 174.010; *See State v. Hitt,* 305 Or 458, 463-64, 753 P2d 415 (1988).

those which neither the court nor the parole board has discretion to alter.[2] *See State v. Warner,* 52 Or App 987, 993, 630 P2d 385, *rev den* 291 P2d 662 (1981). ORS 144.110 leaves imposition of a minimum sentence to the discretion of the trial court. Because its use is not mandatory, ORS 161.620 does not prohibit its application to a remanded juvenile.[3]

    Affirmed.

---

[2] *See, e.g.,* ORS 163.105, which provides, in relevant part:

    "Notwithstanding the provisions of ORS chapter 144, ORS 421.165 and 421.450 to 421.490:

    "(1) When a defendant is convicted of aggravated murder as defined by ORS 163.095, the defendant shall be sentenced to death or life imprisonment pursuant to ORS 163.150. If sentenced to life imprisonment, the court *shall order* that the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." (Emphasis supplied.)

*See also* ORS 161.610 and ORS 163.115(3)(b).

[3] Defendant's contention that our interpretation would create penalties so disproportionate as to offend Oregon's constitution is without merit. *See State v. Turner,* 296 Or 451, 456-57, 676 P2d 873 (1984).