Argued and submitted June 7, 1991, resubmitted In Banc January 8, reversed and remanded February 12, reconsideration denied May 13, petition for review allowed June 23, 1992 (313 Or 354)

CLIFFORD WELLS,
*Appellant,*

*v.*

R. S. PETERSON,
*Respondent.*

(87C-10346; CA A64435)

826 P2d 13

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

JOSEPH, C. J.

Buttler, J., specially concurring.

Rossman, J., concurring in part; dissenting in part.

## JOSEPH, C. J.

Petitioner, a remanded juvenile, ORS 419.533(1), pled guilty to murder and was sentenced under ORS 163.115(3)(a)[1] to life imprisonment with a 10-year minimum sentence under ORS 163.115(3)(b)[2] and an additional 10-year minimum under ORS 163.115(3)(c).[3] No objection was made to the sentence at trial, and no appeal was taken.

In this post-conviction proceeding, petitioner claims that his trial counsel was ineffective and that, in any event, his minimum sentences were not authorized by law. The trial court found that he had received effective assistance in connection with the plea agreement and that his minimum sentences do not violate ORS 161.620.[4] We affirm with respect to the effective assistance of counsel.

In *State v. Noble*, 94 Or App 123, 764 P2d 949 (1988) *rev dismissed* 307 Or 506 (1989), we interpreted ORS 161.620 to permit imposition of any minimum term that a

---

[1] ORS 163.115(3)(a) provides:

"A person convicted of murder shall be punished by imprisonment for life."

[2] ORS 163.115(3)(b) provides:

"When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp."

[3] ORS 163.115(3)(c) provides:

"When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp."

[4] ORS 161.620 provides:

"Notwithstanding any other provision of law, a sentence imposed upon any person remanded from the juvenile court under ORS 419.533 shall not include any sentence of death or life imprisonment without the possibility of release or parole nor imposition of any mandatory minimum sentence except that a mandatory minimum sentence under ORS 163.105(1)(c) shall be imposed where the person was 17 years of age at the time of the offense."

The parties persist in talking only about a "twenty-year minimum sentence." The judgment recites that defendant was sentenced to "LIFE with a 20-year minimum." The only way that that sentence could even arguably have been lawfully imposed is by combining 10 years under ORS 163.115(3)(b) with 10 years under ORS 163.115(3)(c). The record of the sentencing hearing is not in the record of this post-conviction proceeding, but we assume that the sentence reflected that combination of minimums.

trial judge has the discretion to impose or not and to preclude only any minimum sentence that a judge is required by statute to impose in every instance. We now conclude that case was wrongly decided, and it is overruled in its entirety.

ORS 161.620 is by no means as clear and unambiguous as *Noble* treats it. The state argues that, even though the legislative history is not compelling,[5] if that history is considered together with a deep linguistic and logical analysis that it proffers, *Noble* should not be overruled. The argument is unpersuasive, if only because it does not convincingly explain why the legislature would at the same time forbid imposition of one kind of "minimum" sentence that is otherwise imposed on *all* murderers and allow the imposition of a longer sentence that is, at least unless and until overridden, "minimum" but is imposed only selectively—that is, in the exercise of discretion. We hold that ORS 161.620 prohibits the imposition of any minimum prison term on a remanded juvenile, except if the conviction is under ORS 163.105.

Reversed and remanded for proceedings not inconsistent with this opinion.

**BUTTLER, J.,** specially concurring.

Although I agree with the majority that neither minimum sentence could be imposed on the remanded juvenile, I do so for different reasons.

I agree with the dissent that "mandatory minimum sentence" as used in ORS 161.620 prohibits a minimum sentence that the court, by statute, is required to impose, except the minimum sentence mandated by ORS 163.105(1) for aggravated murder. Accordingly, the 10-year sentence that is mandated by ORS 163.115(3)(b) is prohibited by ORS 161.620.

The additional 10-year minimum sentence was not permissible under ORS 161.620, but not simply because it is a minimum sentence, as the majority states, nor because it is not mandated, as the dissent would have it. Rather, the

---

[5] The state quotes what it characterizes as "[t]he only discussion * * * in the legislative history that might shed any light on the issue" between a committee member and a witness in a hearing on a proposed amendment to the bill. It characterizes that discussion as "distinctly inconclusive."

predicate for that minimum sentence is missing. Defendant was convicted of murder. ORS 163.115(3) provides:

"(a)   A person convicted of murder shall be punished by imprisonment for life.

"(b)   When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c)   When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(d)   The minimum term set forth in paragraph (b) or (c) of this section may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision."

Although the additional 10-year minimum sentence that the court imposed under subsection (3)(b) is not one that the court was required to impose, that subsection presumes that the court has also imposed the mandatory 10-year minimum under subsection (3)(b). Because the presumed 10-year minimum is not permissible here, the predicate for the "additional" 10-year minimum is lacking, and the court was not authorized to impose it.

Accordingly, I agree that neither minimum sentence was permitted in this case.

Edmonds, J., joins in this specially concurring opinion.

**ROSSMAN, J.,** concurring in part; dissenting in part.

The single issue in this case is how to interpret the phrase "mandatory minimum," as used in ORS 161.620. We have previously held that that phrase refers to the type of statute that *requires* a judge to impose a minimum sentence. *State v. Noble*, 94 Or App 123, 126, 764 P2d 949 (1988), *rev*

*dismissed* 307 Or 506, 770 P2d 57 (1989).[1] Generally, mandatory minimum sentences cannot be imposed on remanded juveniles. ORS 161.620.

The sentencing procedures are spelled out quite clearly. Under some circumstances, the legislature has directed that a trial court "shall" (*i.e.*, must) impose a minimum sentence. *See, e.g.*, ORS 163.105; ORS 161.610(3); ORS 163.115(3)(b);[2] Other statutes provide that a trial court *may*, in its discretion, impose a minimum sentence. *See, e.g.*, ORS 163.115(3)(c).[3] "Mandatory minimum," then, refers not to the length of a sentence, but to the mandate that a minimum sentence be imposed by the court. Simply put, "mandatory minimums" are those minimum sentences that a judge *must* impose. Discretionary minimums are minimum sentences that a judge *may* impose. The majority seems to agree with those definitions, but for some reason does not apply them.

ORS 161.620 provides that "a sentence imposed [on a remanded juvenile] shall not include * * * imposition of any *mandatory* minimum sentence * * *." (Emphasis supplied.) Nothing in that statute prohibits a court from imposing a *discretionary* minimum sentence when the circumstances warrant it. However, the majority does not believe that ORS 161.620 logically could *forbid* judges from sentencing remanded juveniles in accordance with mandatory minimum statutes, but then *allow* those same judges to impose even

---

[1] I agree that the portion of *Noble* that discusses the discretion of a parole board is overbroad. The decision should have been limited to the discretion of courts, alone. However, I do not agree that the opinion should be overruled in its entirety. The 1991 Legislature had the opportunity, but did not see fit, to change the language of ORS 161.620 in the light of *Noble*. We should not cursorily conclude that the underlying premise in that case—that "mandatory" refers to the lack of discretion that a trial judge has to impose a minimum sentence—was an incorrect interpretation of ORS 161.620.

[2] ORS 163.115(3)(b) provides:

"When a defendant is convicted of murder under this section, the court *shall* order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." (Emphasis supplied.)

[3] ORS 163.115(3)(c) provides:

"When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, *may* order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." (Emphasis supplied.)

longer minimum sentences in the exercise of discretion. Accordingly, it decides to prohibit the imposition of *any* type of minimum prison term — mandatory *or* discretionary — except when the remanded juvenile has been convicted of aggravated murder. I believe that that is nothing less than judicial legislating. What makes the practice particularly offensive here is that the legislature has already established a rule opposite to that announced by the majority.

To me, the logic of ORS 161.620 is clear. By that statute, the legislature is saying that it does not want youthful offenders to be sentenced in the way that adults are. Specifically, it does not want judges to be *required* to sentence minors to a particular length of time in prison. When adult offenders commit certain crimes, judges *must* impose the minimum prison sentences that are required by statute, but when *minors* commit the same crimes, the legislature wanted judges to have the flexibility to impose only those sentences which are appropriate for the particular child. To accomplish that, the legislature removed the requirement that judges abide by "mandatory minimum" sentencing statutes when dealing with remanded juveniles and left them with the responsibility of sentencing juveniles in the proper exercise of judicial discretion. That discretion mirrors, to a limited extent, the discretion that a *juvenile* court would have had, had it decided to retain jurisdiction instead of remanding the child to adult court.

A remand decision — to send a child from juvenile court to adult court — is a weighty and difficult one to make. After determining that the child was 15 years old at the time that he allegedly committed a Class A felony, a Class B felony, or one of a list of Class C felonies, ORS 419.533(1)(a) and (b), the juvenile court must then determine that the child "was of sufficient sophistication and maturity to appreciate the nature and quality of the conduct involved" and that retaining juvenile court jurisdiction "will not serve the best interests of the child and of society" because of several factors, including the child's amenability to treatment and rehabilitation, the need to protect society from the child, the manner in which the offense was allegedly committed and the child's history. ORS 419.533(1)(c) and (d).

Generally, a juvenile who is remanded for prosecution as an adult has engaged in serious criminal behavior over an extended period of time and is no longer acting as a "child." For example, in the present case, defendant was 17 when he beat and stabbed a man to death. After the significant decision is made to treat a juvenile as an adult, the court to which the juvenile is remanded must have the authority to impose a minimum sentence of incarceration. Nothing in ORS 161.620 removes that authority from the sentencing judge.

Accordingly, I would affirm the discretionary minimum sentence, ORS 163.115(3)(c), and reverse the mandatory minimum sentence that was imposed under ORS 163.115(3)(b).

Deits and Riggs, JJ., join in this opinion.