Argued and submitted August 31, decision of the Court of Appeals affirmed in part on different grounds; judgment of circuit court reversed and case remanded to circuit court for further proceedings December 31, 1992

CLIFFORD WELLS,
*Respondent on Review,*

*v.*

R. S. PETERSON,
Superintendent,
Oregon State Correctional Institution,
*Petitioner on Review.*

(CC 87-C-10346; CA A64435; SC S39187)

844 P2d 192

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the

petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven H. Gorham, Salem, argued the cause for respondent on review.

FADELEY, J.

## FADELEY, J.

Petitioner in this case is a juvenile offender who was remanded to adult court for trial. Convicted of murder there, he was sentenced to life in prison with a 20-year minimum sentence. That minimum sentence took the form of a 10-year minimum sentence under ORS 163.115(3)(b) and an additional 10-year sentence under ORS 163.115(3)(c). He petitioned for post-conviction relief,[1] claiming that the sentences imposed on his plea of guilty to intentional murder were illegal "mandatory minimum sentence[s]" that a court is prohibited from imposing on a remanded juvenile under ORS 161.620. That statute in part provides:

> "[A] sentence imposed upon any person remanded from the juvenile court under ORS 419.533 shall not include * * * imposition of any mandatory minimum sentence except that a mandatory minimum sentence under ORS 163.105(1)(c) shall be imposed where the person was 17 years of age at the time of the offense."

The post-conviction court denied relief. The Court of Appeals held that the "minimum" portion of the sentence was prohibited by ORS 161.620 and reversed. *Wells v. Peterson*, 111 Or App 171, 174, 826 P2d 13 (1992). The question whether the sentence was prohibited by ORS 161.620 is the identical legal issue raised by *State v. Jones*, 315 Or 225, 844 P2d 188 (1992).

In *State v. Jones*, this court held that a 10-year sentence under ORS 163.115(3)(b) is a "mandatory minimum sentence" that may not be imposed on a remanded juvenile because of the prohibition in ORS 161.620. The court further held that, when no sentence may be imposed under ORS 163.115(3)(b), the "additional" sentence provided for under ORS 163.115(3)(c) is also impermissible.[2]

---

[1] A claim that a sentence is not authorized by law is an appropriate ground for post-conviction relief. ORS 138.530(1)(c) provides in part:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"* * * * *

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted * * *."

[2] The petition for review in *State v. Jones* was docketed in this court before the petition for review in this case. The Court of Appeals' opinion in this case was the

■ A second issue was presented to and decided by both the post-conviction court and the Court of Appeals in the present case. The post-conviction court found that the failure of petitioner's defense lawyer to contend in the original criminal case that ORS 161.620 prohibited the sentence that was imposed was not inadequate assistance of counsel. The Court of Appeals affirmed. *Wells v. Peterson, supra,* 111 Or Ap at 173. Failure to make that contention at the original sentencing led to this post-conviction proceeding.

The Court of Appeals has discussed, with varying results, what sort of sentence is a "mandatory minimum sentence" in a series of cases starting with *State v. Noble,* 94 Or App 123, 764 P2d 949 (1988), *rev dismissed* 307 Or 506 (1989), and ending with *State v. Jones, supra,* and the present case. Failure of petitioner's criminal trial counsel to contend that ORS 161.620 prohibited the sentence here was not inadequate assistance of counsel, because at the time of trial the meaning of the statute was not clearly settled. Reasonable counsel could have disagreed about whether to make that argument at the time that the original case was tried.

The decision of the Court of Appeals is affirmed, in part on different grounds. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

final opinion in a series on that subject. *Wells v. Peterson,* 111 Or App 171, 826 P2d 13 (1992). The Court of Appeals' original opinion in *State v. Jones,* 109 Or App 235, 818 P2d 1286 (1991), was withdrawn on reconsideration, based on that court's opinion in *Wells v. Peterson, supra. State v. Jones,* 111 Or App 382, 826 P2d 17 (1992).