Argued and submitted August 31, decision of Court of Appeals affirmed on different grounds; sentence of circuit court vacated and case remanded to circuit court for resentencing December 31, 1992

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## JOHN RAY JONES,
*Respondent on Review.*

### (CC 10 88 06275; CA A61548; SC S39186)

844 P2d 188

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for respondent on review. With her on the response was Sally L. Avera, Public Defender, Salem.

FADELEY, J.

**FADELEY, J.**

This case presents the issue of what the words "mandatory minimum sentence" in ORS 161.620 mean. That statute prohibits the imposition of "mandatory minimum sentence[s]" on persons who are 15 through 17 years of age at the time of the offenses for which they are being sentenced, but who are otherwise being sentenced as if they were adult offenders. ORS 161.620 provides in part:

> "[A] sentence imposed upon any person remanded from the juvenile court under ORS 419.533 *shall not include * * ** imposition of *any mandatory minimum sentence* except that a mandatory minimum sentence under ORS 163.105(1)(c)[1] shall be imposed where the person was 17 years of age at the time of the offense." (Emphasis added.)

John Ray Jones, a 17-year-old juvenile defendant remanded for trial in adult court under ORS 419.533(1),[2] was convicted of murder and robbery in the third degree. The circuit judge sentenced defendant to life with a 25-year minimum sentence for murder and to a 5-year sentence, to be served concurrently, for robbery. The Court of Appeals affirmed the convictions, but remanded for resentencing. *State v. Jones*, 109 Or App 235, 818 P2d 1286 (1991), *withdrawn on reconsideration*, 111 Or App 382, 826 P2d 17 (1992). We affirm the decision of the Court of Appeals, but on different grounds.

At issue is defendant's sentence for intentional murder under ORS 163.115(3), which provides:

---

[1] ORS 163.105(1)(c) relates to the crime of aggravated murder; defendant was not convicted of that crime. ORS 163.105(1)(c) provides:

"Notwithstanding the provisions of ORS chapter 144, ORS 421.165 and 421.450 to 421.490:

"* * * * *

"(c) If sentenced to life imprisonment, the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp."

[2] ORS 419.533(1) provides in part:

"The juvenile court, after a hearing except as otherwise provided in subsection (5) or (6) of this section, may remand a child to a circuit, district, justice or municipal court of competent jurisdiction for prosecution as an adult if:

"(a) The child is 15 years of age or older at the time of the commission of the alleged offense."

"(a)   A person convicted of murder shall be punished by imprisonment for life.

"(b)   When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c)   When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(d)   The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision."

Defendant's 25-year *minimum* sentence for murder consists of a 10-year minimum mandated under ORS 163.115(3)(b) plus a 15-year minimum added by the judge, purportedly under authority granted by ORS 163.115(3)(c).

The Court of Appeals majority, in its *in banc* decision on reconsideration, relied on its recent opinion in *Wells v. Peterson*, 111 Or App 171, 826 P2d 13 (1992), and held that ORS 161.620 prohibits the imposition of any mandatory prison term on remanded juveniles except for the express exception in ORS 161.620 for 17-year-olds convicted of aggravated murder. ORS 163.105(1)(c). The majority did not distinguish between statutorily required or "mandated" minimum sentences and other minimum sentences imposed by the sentencing judge; all minimums were banned. Judge Rossman, joined by two other judges, dissented from that decision of the court on reconsideration, restating his original majority position in the case that he would reverse the statutorily required 10-year mandatory minimum sentence but would affirm what he characterized as the court-imposed 15-year "discretionary" minimum sentence. 111 Or App at 383. He had earlier reasoned that "the logic of ORS 161.120" is clear, in that it intends to leave judges with the discretionary authority to impose mandatory minimum sentences on remanded juveniles, while precluding the routine application of statutorily required minimums when the case involves a

remanded juvenile. *Wells v. Peterson, supra,* 111 Or App at 177 (Rossman, J., concurring in part and dissenting in part).

In the Court of Appeals' first decision in this case, Judge Buttler agreed with the majority that the first 10-year sentence, by statute, was impermissible as to this remanded juvenile. He also agreed that the second 15-year minimum sentence, imposed by the trial court, was impermissible, but for a different reason. He reasoned that an "additional" minimum sentence imposed under ORS 163.115(3)(c) could not be imposed when the mandatory 10-year minimum under ORS 163.115(3)(b) was not, because "the predicate" required by the statutory language in paragraph (c) was lacking. 109 Or App at 240. We allowed review to resolve the important statutory question.

As always when interpreting a statute, we must determine the legislature's intent. ORS 174.020.[3] We begin with the words of the statute. *State ex rel Juv. Dept. v. Ashley,* 312 Or 169, 818 P2d 1270 (1991).

ORS 161.620 provides:

> "Notwithstanding any other provision of law, *a sentence imposed upon any person remanded from the juvenile court under ORS 419.533 shall not include* any sentence of death or life imprisonment without the possibility of release or parole nor *imposition of any mandatory minimum sentence* except that a mandatory minimum sentence under ORS 163.105(1)(c) shall be imposed where the person was 17 years of age at the time of the offense." (Emphasis added.)

The statute does not define "mandatory minimum sentence." The parties and the Court of Appeals suggest three different definitions. The state avers that a "mandatory minimum sentence" is a sentence that the court must impose, and part of which must be served before the parole board may alter it. Judge Rossman, dissenting in this case, concludes that the only feasible definition of "mandatory minimum sentence" in ORS 161.620 is a sentence that the judge must impose, whether or not the parole board may alter it, that is, a minimum required by statute. Defendant argues that a "mandatory minimum sentence" is simply one that a

---

[3] ORS 174.020 provides in part that "[i]n the construction of a statute the intention of the legislature is to be pursued if possible."

defendant is required to serve, as seen from the defendant's point of view, that is, "some determinate form of an indeterminate sentence."

The legislative history reveals no direct discussion of whether the term "mandatory minimum sentence" is limited to statutorily required minimum sentences or, instead, whether the term includes both statutorily and judicially required minimums.[4] Accordingly, we must examine the general purpose of the statute to determine the most likely meaning. *Enertrol Power Monitoring Corp. v. State of Oregon*, 314 Or 78, 82, 836 P2d 123 (1992).

The purpose of ORS 161.620 is to give trial judges flexibility in sentencing most remanded juveniles. The reading that is most consistent with that purpose is that a "minimum sentence" is "mandatory" if it gives the sentencing judge no flexibility, but requires the judge statutorily to impose a specified minimum sentence. That reading is straightforward, it gives meaning to all words in ORS 161.620, and it comports with the overall purpose of the statute.

The state gives three reasons in support of its interpretation and in opposition to the interpretation just stated. First, the state argues that the bill as originally introduced spoke only of "minimum sentences"; that was changed to "mandatory minimum sentence." The state argues that the added word "mandatory" must be given meaning. We agree, but the more pertinent question is *what* meaning it should be given.

The state notes that a "mandatory minimum sentence under ORS 163.105(1)(c)," ORS 161.620, contains two

---

[4] Appellate decisions that predate the enactment of ORS 161.620 appear to use the term "mandatory minimum" in a broad sense to cover various types of minimum sentences, including both statutory and judicial minimums. *See, e.g., State v. Macy*, 295 Or 738, 671 P2d 92 (1983) (using term "mandatory minimum" to describe a discretionary sentence imposed by a judge under ORS 141.110, authorizing but not requiring a judge to impose a minimum sentence); *State v. Wedge*, 293 Or 598, 605, 652 P2d 773 (1982) (approving discussion that calls a sentence that in most cases is statutorily required to be imposed and served under ORS 161.610 a "mandatory minimum prison term"); *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981) ("minimum sentence" applied to aggravated murder sentencing statute).

Although the meaning of the term, as found in our case law, is broad, that is not conclusive of the legislature's meaning.

components: The judge must impose the sentence, and the parole board may not alter it for a time. That is true, but it does not demonstrate that every "mandatory minimum sentence" must contain the second component to fall within the general prohibition of ORS 161.620. The state's emphasis does not give full credit to the word "imposed": "a sentence *imposed* upon [a remanded juvenile] shall not include * * * *imposition* of any mandatory minimum sentence." ORS 161.620 (emphasis added). The statute thus focuses on the options available to the sentencing judge.

Second, the state argues that, in *State v. Wedge*, 293 Or 598, 652 P2d 773 (1982), this court "adopted" a definition of "mandatory minimum sentence" that is consistent with its definition. However, *Wedge* quotes and uses the terms "mandatory minimum prison term" and "legislative sentence," 293 Or at 604-05 (quoting *State v. Warner*, 52 Or App 987, 630 P2d 385 (1981)), to describe the purpose of the gun minimum in ORS 161.610. It does not construe ORS 161.620 nor deal with remanded juveniles. Moreover, the discussion in *Wedge* is consistent with the position that the mandatory minimum sentence, prohibited by law for remanded juveniles, is one otherwise required by statute for adult offenders.

Third, the state argues that it is significant that the legislature has met twice since the Court of Appeals' opinion in *State v. Noble*, 94 Or App 123, 764 P2d 949 (1988), *rev dismissed* 307 Or 506, 707 P2d 57 (1989), and has not amended ORS 161.620 to clarify the meaning of the term "mandatory minimum sentence." However, the state concedes that the strict *Noble* definition is not consistent with the statutory language, and the Court of Appeals has since overruled the contested portion of *Noble*.

■ For the foregoing reasons, we conclude that the state's proposed definition and its opposition to the definition that we have stated are not persuasive. Under the definition that we have given above — a sentence is a "mandatory minimum sentence" if it is statutorily required — the 10-year sentence required by ORS 163.115(3)(b) is a "mandatory minimum sentence." ORS 161.620 prohibits the imposition of that sentence as to remanded juveniles. Therefore, we hold that the trial court erred in imposing a 10-year minimum sentence on defendant under ORS 163.115(3)(b).

■ This holding requires that we examine Judge Buttler's conclusion that an additional minimum sentence cannot be imposed under ORS 163.115(3)(c), when no ORS 163.115(3)(b) sentence may permissibly be imposed. The relevant portions of ORS 163.115(3) provide:

"(a)   A person convicted of murder shall be punished by imprisonment for life.

"(b)   When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c)   When a defendant is convicted of murder under this section, the court, *in addition to the minimum required by paragraph (b) of this subsection,* may order that the defendant shall be confined for a minimum term of up to *an additional* 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." (Emphasis added.)

We agree with Judge Buttler that the statute does not contemplate that an independent sentence may be imposed under paragraph (c). Paragraph (c) itself mentions the previous imposition of the paragraph (b) sentence. It expressly characterizes the authority granted to the sentencing judge as "additional" to the statutory minimum that, in this case, cannot lawfully be imposed on defendant because he is a remanded juvenile. In the absence of imposition of a paragraph (b) sentence, a paragraph (c) sentence cannot be imposed. Where no paragraph (b) sentence can be imposed under the statute, the platform on which the paragraph (c) sentence must be built, as "in addition to" it, is missing.

The decision of the Court of Appeals is affirmed, but on different grounds. The sentence of the circuit court is vacated, and the case is remanded to the circuit court for resentencing.