Argued and submitted May 6, 2004, decision of Court of Appeals reversed;
judgment of circuit court affirmed May 12, 2005

## WILLIAM DEAN BURDGE,
*Respondent on Review,*

*v.*

## Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Petitioner on Review.*

## (CC 97C12207; CA A108298; SC S50753)

112 P3d 320

Laura S. Anderson, Assistant Attorney General, Salem, argued the cause and filed the brief on the merits for petitioner on review. Stacey RJ Guise, Assistant Attorney

General, Salem filed the petition for review. With them on the petition and brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Steven H. Gorham, Salem, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, Balmer, and De Muniz, Justices.**

RIGGS, J.

De Muniz, J., dissented and filed an opinion in which Durham, J., joined.

---

** Kistler, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

The issue in this post-conviction proceeding is whether petitioner's lawyer provided constitutionally adequate assistance at petitioner's criminal trials. In the criminal cases, the trial court applied a particular statute to increase petitioner's sentences. Petitioner's lawyer did not challenge whether the statute applied. Two years later, in a different case, the Court of Appeals interpreted that statute and concluded that it could not be used to enhance sentences in cases like petitioner's. The post-conviction court rejected petitioner's petition for relief, but the Court of Appeals concluded that petitioner's trial counsel had been inadequate and reversed. *Burdge v. Palmateer*, 187 Or App 295, 67 P3d 397 (2003). For the reasons that follow, we now reverse the decision of the Court of Appeals and affirm the judgment of the post-conviction court.

■ In evaluating whether petitioner's lawyer rendered inadequate assistance, we first consider the relevant legal standard under Article I, section 11, of the Oregon Constitution. *See, e.g., Lichau v. Baldwin*, 333 Or 350, 358-59, 39 P3d 851 (2002) (court should consider state constitutional claims before federal constitutional claims). Our analysis under that section ordinarily proceeds in two steps.

> "First, we must determine whether petitioner demonstrated by a preponderance of the evidence that [his lawyer] failed to exercise reasonable professional skill and judgment. Second, if we conclude that petitioner met that burden, we further must determine whether he proved that counsel's failure had a tendency to affect the result of his trial."

*Id.* at 359 (citations omitted).

■ In considering a claim of inadequate assistance of counsel, we "make every effort to evaluate a lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." *Id.* at 360. The courts "will not second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment." *Gorham v.*

*Thompson*, 332 Or 560, 567, 34 P3d 161 (2001). "The constitution gives no defendant the right to a perfect defense—seldom does a lawyer walk away from a trial without thinking of something that might have been done differently or that he would have preferred to have avoided." *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981).

■ Only general statements can be made about what constitutes the exercise of professional skill and judgment. *Id.* at 873. Generally, "counsel must * * * prepare himself on the law to the extent appropriate to the nature and complexity of the case * * *." *Id.* at 875. Counsel need not, however, "expend time and energy uselessly or for negligible potential benefit under the circumstances of the case." *Id.* at 874.

With those standards in mind, we turn to the facts here. Petitioner originally was charged in three different cases with committing a total of five crimes. The first case ("case one") charged petitioner with committing one crime, first-degree burglary, on October 12, 1993. The second case ("case two") charged petitioner with committing one crime, again first-degree burglary, on January 9, 1994. The third case ("case three") charged petitioner with committing three crimes on January 14, 1994: first-degree burglary, first-degree sodomy, and first-degree sexual abuse.

All three cases were tried separately, one after another, but not in the same order as the crimes. The trial court first tried case two, then case one, then case three. Petitioner was convicted in all three cases.

After the trials concluded, the trial court held a consolidated hearing to sentence petitioner in all three cases. The state asked the court, among other things, to impose determinate sentences under ORS 137.635 (1993)[1] in cases two and three. That statute, which is the statute at issue here, provided, in part:

---

[1] ORS 137.635 has been amended twice since 1993. Neither amendment affects our reasoning here. The first amendment added a cross-reference to conform the statute to the sentencing guidelines. Or Laws 1995, ch 79, § 49. The second amendment was technical, changing a word in subsection (2) from the singular to the plural. Or Laws 2003, ch 14, § 59. Unless otherwise specified, all references to ORS 137.635 in this opinion are to ORS 137.635 (1993).

> "(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. * * * The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120."

All three cases here involved felonies listed in subsection (2) of that statute.[2]

The trial court imposed the sentences in the order in which petitioner committed the crimes. The court first sentenced petitioner in case one. Then, when the court sentenced petitioner in case two, it used the conviction in case one to impose a determinate sentence under ORS 137.635. Similarly, when the court sentenced petitioner in case three, it used the convictions in cases one and two to impose determinate sentences for two of case three's three counts.

Petitioner's lawyer did not object to the court imposing determinate sentences in cases two and three. That failure to object is the crux of the present case. For whatever reason, petitioner presented no competent evidence at the post-conviction hearing regarding why his lawyer failed to object to the court applying ORS 137.635.[3]

Almost two years later, the Court of Appeals decided *State v. Allison*, 143 Or App 241, 923 P2d 1224, *rev den*, 324

---

[2] Only two of the three crimes in case three involved qualifying felonies. The third crime, first-degree sexual abuse, is not "a felony described in subsection (2) of" ORS 137.635.

[3] Petitioner presented an affidavit from his trial lawyer in which the lawyer asserted that he believed himself to have been "inadequate" in representing petitioner. "Inadequacy," however, is a legal conclusion for the court.

Or 487 (1996). In an en banc decision, with four judges concurring, the *Allison* court for the first time interpreted how ORS 137.635 applied to facts such as those at issue here.

In *Allison*, the Court of Appeals concluded that "convicted," as used in that statute, means a finding of guilt. 143 Or App at 246 (majority); *id.* at 257 (Leeson, J., concurring, joined by Deits, Riggs, and De Muniz, JJ.). The statute thus applied when there was a particular temporal relationship between two findings of guilt on qualifying felonies. However, the court concluded, the words "previously been convicted" left an ambiguity about that temporal relationship. *Id.* at 246-47 (majority); *id.* at 257 (concurrence).

The majority identified three plausible ways to resolve the ambiguity. The statute might apply when either (1) one finding of guilt preceded sentencing on another finding of guilt, or (2) one finding of guilt preceded another finding of guilt, or (3) one finding of guilt preceded the defendant's committing the crime that led to the other finding of guilt. *Id.* at 247-48. The majority adopted the third interpretation: ORS 137.635 applied only to defendants who had been found guilty of one qualifying felony before they committed a second qualifying felony. *Id.* at 256.

The *Allison* concurrence agreed with the second plausible interpretation: ORS 137.635 applied to defendants who had been found guilty of one qualifying felony before they were found guilty of a second qualifying felony. *Id.* at 259. The four concurring judges did not think that the majority's interpretation was even plausible. *Id.*

Under the *Allison* majority's interpretation—found guilty before committing another qualifying felony—none of petitioner's five crimes would have qualified for an ORS 137.635 determinate sentence. So petitioner sought post-conviction relief, arguing that his trial lawyer had been constitutionally inadequate because (among other things) the lawyer did not challenge the ORS 137.635 determinate sentences. The post-conviction court rejected that argument and dismissed the post-conviction petition.

The Court of Appeals reversed in a split decision. When petitioner was sentenced, the majority noted, no

reported appellate court opinion had interpreted that aspect of ORS 137.635. *Burdge*, 187 Or App at 300. As noted, *Allison* later concluded that the statute had more than one plausible interpretation. *Id.* "The question presented in this case [*Burdge*], then, is how reasonable counsel must go about the task of construing and arguing for the construction of a statute that has two or more plausible meanings and, thus, is ambiguous." *Id.* at 300-01. The *Burdge* majority concluded that a reasonable lawyer would have advanced the argument that ORS 137.635 did not apply to the facts of petitioner's cases, because the argument involved a plausible reading of the statute, petitioner faced no tactical risks for making it, and petitioner would have reaped a substantial benefit if the argument had succeeded. *Id.* at 301.

One judge dissented, noting that four of the *Allison* judges had rejected even the plausibility of the interpretation that the *Allison* majority finally adopted. *Id.* at 312 (Edmonds, P. J., dissenting). "If four judges on this court could conclude that the *Allison* majority's interpretation of ORS 137.635 was not plausible, clearly, reasonable trial counsel could have come to that same conclusion." *Id.*

The *Burdge* majority dismissed that argument:

> "Of course, reasonable attorneys can, and often do, differ as to which possible meaning of a statute is correct or, for that matter, how many plausible interpretations exist. However, lawyers representing criminal defendants, unlike judges, are expected to be advocates, not neutrals; they must undertake to discern and advance plausible interpretations of ambiguous statutes that would benefit their clients."

*Id.* at 303. "The issue is not whether petitioner's counsel was required to divine the correct meaning of an ambiguous statute but, rather, whether he was required to discern and advance a plausible alternative meaning of the statute that would likely benefit his client. We conclude that he was." *Id.* at 304.

We return to the issue in this case: Whether the exercise of reasonable professional skill and judgment under these circumstances required petitioner's counsel to object to

the determinate sentences imposed on petitioner under ORS 137.635.

By answering that question affirmatively, the state contends, the *Burdge* majority significantly expanded post-conviction relief. The state argues that the *Burdge* majority opinion incorrectly examines issues in hindsight, and so effectively requires defense counsel to predict accurately how the law will develop in the future. The state contends that the *Burdge* majority failed to give adequate weight to the nature and complexity of the case. In passing, the state suggests that defense counsel may have no constitutional obligation to argue unsettled issues at all, citing in support this court's decision in *Wells v. Peterson*, 315 Or 233, 844 P2d 192 (1992).

Petitioner, in turn, contends that the *Burdge* majority appropriately restated and applied existing law. A lawyer has a duty to advocate any position that aids the client, petitioner argues. All that the *Burdge* majority did was to require defense counsel to make an argument that would have favored petitioner.

The Court of Appeals and petitioner both incorrectly assume that, because a court eventually recognized a statute's ambiguity, any lawyer exercising reasonable professional skill and judgment would have done the same. But issues do not recognize themselves; the task of identifying and evaluating potential issues rests on the skills of the lawyer. Although that *is* a skill, the Court of Appeals' majority nevertheless failed to apply the "reasonable professional skill and judgment" test to its exercise. The correct rule remains as this court described it previously, with the caution that it must be applied to all aspects of a lawyer's reasoning process, not just to selected parts. In situations similar to this one, the post-conviction court may grant a petitioner relief only if it can say affirmatively that a lawyer exercising reasonable professional skill and judgment would have recognized the statutory ambiguity, would have seen an interpretation that could benefit the defendant, and would have concluded under the circumstances that the potential benefits of advancing that interpretation exceeded any risks.

This case fails at the first step. Assuming that ORS 137.635 is ambiguous, it is not so obviously ambiguous that

any lawyer exercising reasonable professional skill and judgment necessarily would have seen it.

As noted, we look at the statute as a lawyer would have seen it at the time. ORS 137.635 applies "[w]hen, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section * * *." At sentencing, a lawyer asking whether petitioner fell within the meaning of the statute would first note, as the Court of Appeals did, that "convicted" means "found guilty." The lawyer would then consider the remaining criteria. Is petitioner being sentenced for "a felony described in subsection (2) of this section"? Yes, in all three cases.[4] "Has" petitioner "previously been [found guilty] of" a qualifying felony? Again, yes, in *all three cases*. Petitioner was found guilty in cases two and three before being sentenced in case one; he was found guilty in cases one and three before being sentenced in case two; and he was found guilty in cases one and two before being sentenced in case three. The statute, then, would appear to apply to every qualifying felony in all three cases. Among the many statutes implicated in a criminal sentencing, nothing makes this statute stand out as being ambiguous.[5]

So even lawyers exercising reasonable professional skill and judgment may well not see any ambiguity to be exploited.

. Our conclusion does not depend on whether *Allison* correctly identified an ambiguity or ultimately interpreted the statute correctly. To echo this court's conclusion in *Krummacher*:

"It may be that another lawyer would have tried the case differently; it may be that a reviewing court would disagree

---

[4] Except for the first-degree sexual abuse charge in case three.

[5] A more technical grammatical analysis could proceed along the following lines. "Previously" is an adverb modifying the compound verb "has been convicted." "Has been convicted" is present perfect tense, indicating that the earlier conviction may have taken place at any time before the present—the present being the time of sentencing for the later conviction ("*when* * * * a court sentences * * *"). Moving the adverb helps show the meaning of the statute without changing it: When a court sentences a convicted defendant who *has been convicted* previously.

with * * * counsel's decision. It may even be that, in hindsight, the decision was an error. In the context of this [sentencing], however, we cannot agree that defense counsel's decision * * * constituted a suspension of professional representation which denied petitioner [his] constitutionally due assistance of counsel."

*Id.* at 881. The *Burdge* majority erred.

■       We pause here to discuss one additional point raised by the state. As the state notes, this court's decision in *Wells*, 315 Or 233, suggests that a reasonable attorney *never* has a duty to argue unsettled questions of law. We conclude that that statement in *Wells* was an unfortunate and perhaps misleading generalization, and we now take the opportunity to correct it. In at least some cases, a lawyer's failure to present an unsettled question may be inadequate assistance of counsel.

       In *Wells*, the petitioner was a juvenile offender remanded to adult court for trial. *Id.* at 235. The trial court convicted the petitioner of murder and sentenced him to life in prison with a 20-year minimum sentence. *Id.* Although ORS 161.620 provided, in part, that "a sentence imposed upon any person remanded from the juvenile court * * * shall not include * * * imposition of any mandatory minimum sentence * * *," petitioner's lawyer did not raise the issue. *Id.* (second omission in original). This court agreed that ORS 161.620 prohibited the 20-year minimum sentence, *id.*, but it also concluded that counsel's failure to raise it was not inadequate, *id.* at 236.

> "Failure of petitioner's criminal trial counsel to contend that ORS 161.620 prohibited the sentence here was not inadequate assistance of counsel, because at the time of trial the meaning of the statute was not clearly settled. Reasonable counsel could have disagreed about whether to make that argument at the time that the original case was tried."

*Id.*[6]

---

[6] The Court of Appeals here tried to distinguish *Wells*. It understood *Wells* to address those situations when a conflict existed in the case law at the time that defense counsel failed to make the objection. *Burdge*, 187 Or App at 301-02 n 3.

That understanding is incorrect factually, because no conflict existed in the case law when Wells's counsel failed to object. *Wells* did note that the Court of

Whatever the merits of that statement in *Wells* in connection with its particular facts, it must be qualified when asserted as a general statement of law. The correct standard is whether counsel exercised reasonable professional skill and judgment. Even if the meaning of a statute remains unsettled, the statute may so obviously offer possible benefits to a defendant that any lawyer exercising reasonable professional skill and judgment would raise it. It is the "reasonable professional skill and judgment" standard, and not generalized and imprecise rules of thumb such as "unsettled questions of law," that determines whether counsel rendered inadequate assistance.

We conclude that petitioner failed to demonstrate that counsel, exercising reasonable professional skill and judgment at the time of petitioner's sentencing, would have objected to the trial court imposing determinate sentences under ORS 137.635. Accordingly, the post-conviction court correctly concluded that there was no violation of Article I, section 11, of the Oregon Constitution.

■■ Finally, we turn to whether petitioner received effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. Under *Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984), a defendant must show (among other things) that "counsel's representation fell below an objective standard of reasonableness"—specifically, "reasonableness under prevailing professional norms." *Id.* at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. For the reasons previously discussed, we conclude that petitioner's counsel did not fall below an

Appeals had interpreted ORS 161.620 differently "in a series of cases starting with *State v. Noble*, 94 Or App 123, 764 P2d 949 (1988), *rev dismissed*[,] 307 Or 506 (1989) * * *." 315 Or at 236. But the trial court sentenced Wells on July 28, 1986, over two years *before* the Court of Appeals decided *Noble* (on November 23, 1988). 4741 Oregon Briefs, Appellant's Brief at App-2 (copy of post-conviction petition listing judgment date).

objective standard of reasonableness under prevailing professional norms. Thus petitioner was not deprived of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

**DE MUNIZ, J.,** dissenting.

In *State v. Allison*, 143 Or App 241, 923 P2d 1224, *rev den*, 324 Or 487 (1996), the Court of Appeals held that ORS 137.635,[1] the so-called "Denny Smith" sentencing law,

---

[1] As footnote one of the majority opinion notes, ORS 137.635 has been amended twice since 1993. I agree with the majority that those amendments do not affect the analysis in this case. For purposes of consistency, we cite here the text of ORS 137.635 (1993). That statute provided:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120.

"(2) Felonies to which subsection (1) of this section apply include and are limited to:

"(a) Murder, as defined in ORS 163.115, and any aggravated form thereof.

"(b) Manslaughter in the first degree, as defined in ORS 163.118.

"(c) Assault in the first degree, as defined in ORS 163.185.

"(d) Kidnapping in the first degree, as defined in ORS 163.235.

"(e) Rape in the first degree, as defined in ORS 163.375.

"(f) Sodomy in the first degree, as defined in ORS 163.405.

"(g) Unlawful sexual penetration in the first degree, as defined in ORS 163.411.

"(h) Burglary in the first degree, as defined in ORS 164.225.

"(i) Arson in the first degree, as defined in ORS 164.325.

"(j) Robbery in the first degree, as defined in ORS 164.415.

"(3) When the court imposes a sentence under this section, the court shall indicate in the judgment that the defendant is subject to this section."

applied only to a defendant who had been convicted of one of the crimes listed in the statute *before the defendant committed* the crime for which he or she was to be sentenced under that statute. *Id.* at 247-56.[2] Under *Allison,* because petitioner committed his crimes before his first conviction, he was not subject to ORS 137.635 (1993) for any of the crimes for which he eventually was sentenced.

At the time that petitioner was sentenced, ORS 137.635 (1993) had not been interpreted by an appellate court. The state requested that the trial court sentence petitioner under ORS 137.635 (1993). Petitioner's lawyer did not object to the state's request and did not argue to the trial court that the statute did not apply to petitioner. In the absence of any claim to the contrary, the trial court sentenced petitioner under ORS 137.635 (1993), thereby substantially increasing the length of petitioner's prison term.[3]

Petitioner later sought post-conviction relief, arguing that his ORS 137.635 (1993) sentences were illegal in light of the Court of Appeals' holding in *Allison* and that his trial lawyer had been constitutionally inadequate in failing to advance the interpretation of the statute that the *Allison* court later accepted. The post-conviction court denied petitioner post-conviction relief. The Court of Appeals, however, agreed with petitioner, reversed the post-conviction court, and ordered the entry of judgment granting petitioner post-conviction relief.

This court allowed review. Now a majority of this court refuses to grant petitioner relief from the illegal

---

[2] This court has not reviewed the merits of the *Allison* decision. However, the state does not assert in this court that the rule of law announced in *Allison* is legally incorrect.

[3] It is difficult to determine on this record exactly the increased prison term that petitioner received under ORS 137.635 (1993). At a minimum, it appears that petitioner will serve an additional four years in prison as a result of the erroneous application of ORS 137.635 (1993). The impact on the length of petitioner's incarceration may in fact be much greater. That is so because a person sentenced under ORS 137.635 (1993) "shall serve the entire sentence imposed by the court and shall not, during the service of such sentence, be eligible for * * * any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121." ORS 421.120 and ORS 421.121 authorize prison term reductions for commendable institutional conduct, and various work and educational activities in prison.

sentences imposed by the trial court. Because the majority's determination that petitioner received constitutionally adequate counsel is completely at odds with this court's constitutional standard for adequate counsel and because that determination misunderstands the obligations of a criminal defense lawyer in our adversarial system, I respectfully dissent.

It is difficult to determine the principal elements of the majority's decision to reject petitioner's claim that he was denied constitutionally adequate counsel. However, it appears that the heart of the majority's reasoning is found in the following passage:

> "The Court of Appeals and petitioner both incorrectly assume that, because a court eventually recognized a statute's ambiguity, any lawyer exercising reasonable professional skill and judgment would have done the same. But issues do not recognize themselves; the task of identifying and evaluating potential issues rests on the skills of the lawyer. Although that *is* a skill, the Court of Appeals' majority nevertheless failed to apply the 'reasonable professional skill and judgment' test to its exercise. The correct rule remains as this court described it previously, with the caution that it must be applied to all aspects of a lawyer's reasoning process, not just to selected parts. In situations similar to this one, the post-conviction court may grant a petitioner relief only if it can say affirmatively that a lawyer exercising reasonable professional skill and judgment would have recognized the statutory ambiguity, would have seen an interpretation that could benefit the defendant, and would have concluded under the circumstances that the potential benefits of advancing that interpretation exceeded any risks.

> "This case fails at the first step. Assuming that ORS 137.635 is ambiguous, it is not so obviously ambiguous that any lawyer exercising reasonable professional skill and judgment necessarily would have seen it.

> "As noted, we look at the statute as a lawyer would have seen it at the time. ORS 137.635 applies '[w]hen, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subjection (2) of this

section * * *.' At sentencing, a lawyer asking whether petitioner fell within the meaning of the statute would first note, as the Court of Appeals did, that 'convicted' means 'found guilty.' The lawyer would then consider the remaining criteria. Is petitioner being sentenced for 'a felony described in subsection (2) of this section'? Yes, in all three cases. 'Has' petitioner 'previously been [found guilty] of' a qualifying felony? Again, yes, in *all three cases*. Petitioner was found guilty in cases two and three before being sentenced in case one; he was found guilty in cases one and three before being sentenced in case two; and he was found guilty in cases one and two before being sentenced in case three. The statute, then, would appear to apply to every qualifying felony in all three cases. Among the many statutes implicated in a criminal sentencing, nothing makes this statute stand out as being ambiguous."

338 Or at 497-98 (2005) (emphasis in original; footnotes omitted).

The majority's conclusion appears to proceed from the premise that a reasonable lawyer would not have recognized any ambiguity in ORS 137.635 (1993) that, if resolved in petitioner's favor, would have benefitted petitioner. That premise is false.

The opening clause of ORS 137.635(1) (1993) provides:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence * * *."

Subsection (2) of the statute lists the "[f]elonies to which subsection (1) of this section apply * * *."

The phrase in subsection (1) of ORS 137.635 (1993), "previously been convicted," signals that the court's duty to apply the statute arises when the court sentences a defendant who is convicted of a listed felony *and* the defendant is a person who "previously" was convicted of a listed felony. However, the term "previously" gives rise to a critical interpretive issue. The statute fails to identify with reasonable

clarity the point in time when the characteristic of a previous conviction must apply with respect to the defendant.

As the majority opinion in *Allison* demonstrated, there are three possible answers to that conundrum: the previous conviction must precede either (1) the *time of the sentencing proceeding* for the current felony crime of conviction; (2) the *time of the conviction* for the current felony crime of conviction; or (3) the *time of the commission* of the current felony crime of conviction. 143 Or App at 247-48. The last of those possible answers is the interpretation that the Court of Appeals majority adopted in *Allison*, after rejecting the other two as impractical and contrary to the statute's purpose. *Id.* at 255-56. The parties assume, as we must for the purpose of analyzing this case, that the Court of Appeals in *Allison* correctly interpreted ORS 137.635 (1993). Yet, according to the majority, the words of the statute plausibly support only the first, or perhaps the first and second, possible answers listed above, each of which the Court of Appeals demonstrated in *Allison* was unworkable and inconsistent with the legislature's intent. Moreover, according to the majority, the statutory text not only fails to support the interpretation that the Court of Appeals adopted in *Allison*, but it fails to give even a hint that the court's interpretation *represented one plausible reading of the statute*. The majority's view is wrong, because the majority analyzes the statute incompletely.

The majority fails to examine an important textual clue that contradicts its reading of the statute: The phrase "previously been convicted" in ORS 137.635(1) (1993) states a criterion that modifies the term "convicted defendant." One reasonable reading of the statute, as *Allison* demonstrated, is that the statute applies to only a defendant who satisfied the previous-conviction criterion when the defendant committed the crime of conviction, *i.e.*, "in the case of a felony described in subsection (2) of this section[.]" The majority fails to acknowledge that ORS 137.635 (1993) is subject to that reasonable alternative interpretation and that a competent lawyer would have detected it. That interpretation, if properly applied by the trial court in petitioner's criminal sentencing proceeding, would have rendered ORS 137.635 (1993) inapplicable to that proceeding, resulting in a substantially shorter prison term for petitioner. Any competent

lawyer would have advocated that reasonable reading of the statute and objected to the application of ORS 137.635 (1993) in petitioner's sentencing proceeding.

With respect, the majority appears not to comprehend the difference between tactical matters, for which criminal defense lawyers are accorded great leeway, and the issue presented here. There was no tactical choice to be made by petitioner's lawyer. Instead, at sentencing, the lawyer's duty was to argue that, properly interpreted, ORS 137.165 (1993) did not apply to petitioner's proceeding.

The American Bar Association has advanced standards to measure the criminal defense function:

> "Counsel for the accused is an essential component of the administration of criminal justice. * * * The basic duty defense counsel owes to the administration of justice and as an officer of the court is to serve as the accused's counselor and advocate with courage and devotion and to render *effective, quality representation*."

*ABA Standards for Criminal Justice Prosecution Function and Defense Function*, Standard 4-1.2 (3d ed 1993) (emphasis added). In particular, at sentencing, "[d]efense counsel should present to the court any ground which will assist in rendering a proper disposition favorable to the accused." Standard 4-8.1. Accepting the state's interpretation of an obviously ambiguous sentencing statute, in the absence of appellate guidance supporting the state's reading of the statute, is inconsistent with the above-described professional standard.

Article I, section 11, of the Oregon Constitution provides that, "[i]n all criminal prosecutions, the accused shall have the right to be heard by himself and counsel[.]" Similarly, the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." To fulfill the role assigned to defense counsel under our adversarial system of criminal justice, a lawyer must investigate the facts and inform himself or herself with respect to the law "to the extent appropriate to the nature and complexity of the case[.]" *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981).

In my view, a lawyer in a case like this who was attempting to meet the standards outlined in *Krummacher* necessarily would have reviewed the wording of ORS 137.635 (1993) to determine how that statute affected his or her client. And, that lawyer certainly should have recognized that *a* reading of the statute could have resulted in the sentence that this particular defendant ultimately received. However, I reject the majority's assertion that a constitutionally adequate lawyer *also* would not have recognized that another permissible reading of the statute existed, precisely along the lines eventually adopted in *Allison*, *i.e.*, reading the phrase "previously been convicted" in a way that would have excluded this client. And, I doubt that any member of this court would deny that, once the lawyer saw the alternative reading, the lawyer was obliged to argue it.

The majority purports to accept the interpretation of ORS 137.635 (1993) set out in *Allison*. Under that interpretation, petitioner's sentences are excessive by at least four years. The trial lawyer's failure to take the minimum steps necessary to protect petitioner from the unlawful imposition of those extra years in prison was not constitutionally adequate representation. The prejudice to petitioner is obvious and is extreme.

For the foregoing reasons, I respectfully dissent.

Durham, J., joins this dissent.