***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 23, affirmed July 20, petition for review denied
December 29, 2022 (370 Or 694)

DARRELL KELLY MIDDLEKAUFF,
*Petitioner-Appellant,*

*v.*

Sue WASHBURN,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV160757; A170635

J. Burdette Pratt, Judge.

Frank E. Stoller argued the cause for appellant. Also on the briefs was Teena M. Killian.

Rebecca M. Auten, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Aoyagi, Judge, and Powers, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Petitioner appeals from a judgment denying post-conviction relief, raising multiple assignments of error. First, petitioner argues that his waiver of jury was legally insufficient, as it was not knowingly, intelligently, and voluntarily made. That legal argument is barred because it could have, and should have, been raised in his direct appeal. *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994) (interpreting ORS 138.550 to require that, absent a few "narrow exceptions," a post-conviction petitioner may not obtain post-conviction relief on a ground that he or she could reasonably have been expected to raise at trial or on direct appeal in the underlying criminal proceeding); *McDonnell v. Premo*, 309 Or App 173, 180, 483 P3d 640 (2021), *rev den*, 369 Or 507 (2022) (holding same).

Petitioner's second argument, that his trial counsel was ineffective in failing to counsel him against waiving jury, is not supported by the factual findings made by the post-conviction court. We review the post-conviction court's rulings for legal error. ORS 138.650(1). We are bound by the post-conviction court's findings if they are supported by any evidence in the record. *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). "If the post-conviction court failed to make findings of fact on all the issues—and there is evidence from which such facts could be decided more than one way—we will presume that the facts were decided consistent with the post-conviction court's conclusions of law." *Id*.

Petitioner's third argument is that trial counsel was ineffective in preparing him to testify. The post-conviction court found that trial counsel believed petitioner intended to offer false testimony. Petitioner does not offer any authority for why, in the face of that factual finding, the post-conviction court erred in finding counsel's performance legally sufficient. Further, even if we were to assume counsel's performance was deficient, petitioner has not explained how he was prejudiced. Under the Oregon Constitution, the prejudice is established when the facts show, by a preponderance of the evidence, that the acts or omissions of counsel "'had a tendency to affect the result of the trial.'" *Burdge v. Palmateer*,

338 Or 490, 492, 112 P3d 320 (2005) (quoting *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002)). We recently said in *Running v. Kelly*, 306 Or App 589, 601-02, 475 P3d 450 (2020), that, to show a "tendency," "'a petitioner must show more than it is possible that the outcome of the prosecution would have been different if counsel had performed reasonably, but need not show that it is more likely than not that the outcome would have changed.'" (Quoting *Stomps v. Persson*, 305 Or App 47, 56, 469 P3d 218 (2020).) Under the Sixth Amendment to the United States Constitution, prejudice is shown when the facts established by a preponderance of the evidence show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," with "reasonable probability" defined as "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 US 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Petitioner has not established prejudice under either the state or federal standards. Accordingly, the post-conviction court did not err.

Affirmed.