Submitted on record and briefs May 29, affirmed August 8, reconsideration denied October 3, petition for review denied November 6, 1990 (310 Or 547)

GEORGE TURNER,
*Appellant,*

*v.*

Manfred MAASS,
*Respondent.*

(87C-12203; CA A62869)

795 P2d 617

David B. Kuhns and Todd & Kuhns, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jas Adams, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner was convicted by a jury of rape in the second degree. ORS 163.365. He sought post-conviction relief alleging inadequate assistance of appellate counsel on direct appeal from his conviction.[1] Relief was denied. We affirm.

During petitioner's trial, the state presented evidence of a polygraph test. Petitioner and the state stipulated to its admission. Petitioner contends that his appellate counsel was inadequate, because "counsel did not raise the issue of the admissibility of the polygraph results" and that "the case law available indicated that a challenge would have been successful."[2]

Admissibility of the stipulated polygraph test was not contested at petitioner's trial, and the issue could not, in the absence of special circumstances, have been raised on direct appeal. *State v. Kessler,* 289 Or 359, 371, 614 P2d 94 (1980); *State v. Abel,* 241 Or 465, 467, 406 P2d 902 (1965). No special circumstances existed. Moreover, at the time of the trial, Oregon courts admitted polygraph tests if both sides had stipulated to admission. *State v. Bennett,* 17 Or App 197, 521 P2d 31, *rev den* (1974).[3] It was not ineffective assistance for appellate counsel not to raise the issue on appeal.

Affirmed.

---

[1] We affirm on petitioner's other assignments of error without discussion.

[2] Petitioner must establish that: (1) competent appellate counsel would have raised the purported issue; and, (2) had the issue been raised, it is more probable than not that the result would have been different. *Guinn v. Cupp,* 304 Or 488, 496, 747 P2d 984 (1987).

[3] The Supreme Court said in *State v. Brown,* 297 Or 404, 445 n 35, 687 P2d 751 (1984):

> "We refer to unstipulated polygraph evidence. The defendant contends that if polygraph evidence is not generally admissible, it should not be admissible even by stipulation. The Oregon Court of Appeals in *State v. Bennett,* 17 Or App 197, 521 P2d 31 (1974), upheld the admissibility of polygraph evidence pursuant to a stipulation. This court has not heretofore passed on that question."

It is pure hindsight to suggest that because, subsequent to petitioner's direct appeal, the Supreme Court impliedly overruled *State v. Bennett, supra,* in *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987), appellate counsel should have known that it would do so. What we must look at in evaluating the first prong of the test stated in *Guinn v. Cupp, supra,* is what was the state of the law at the time the appeal was pending. Without a more substantial disavowal of the underpinnings of *State v. Bennett, supra,* competent appellate counsel could properly rely on the opinion of the Court of Appeals.