On petitioner Villarreal's petition for reconsideration filed January 15, petition for reconsideration allowed; opinion (110 Or App 247, 823 P2d 981 (1991)) clarified and adhered to as clarified July 8, petition for review denied September 29, 1992
(314 Or 392)

STATE OF OREGON,
*Respondent,*

*v.*

ANTONIO QUINTERO, SR.,
*Appellant.*

(88C22022; CA A60589 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

HIPOLITO VILLARREAL,
*Appellant.*

(88C22023; CA A60839)

STATE OF OREGON,
*Respondent,*

*v.*

MIGUEL QUINTERO,
*Appellant.*

(88C22024; CA A61030)

834 P2d 496

Kevin T. Lafky, Lafky & Lafky, Salem, for petition.

DEITS, J.

**DEITS, J.**

■      Defendant has petitioned for review of our decision. 110 Or App 247, 823 P2d 981 (1991). We treat the petition as one for reconsideration, ORAP 9.15, and allow it for clarification.

Defendant contends that we erred in holding:

"On appeal, [defendant] also asserts as a basis for his motion to sever the prejudice allegedly caused to him by the testimony of Lila [the wife of a codefendant]. The potential for problems with her testimony, however, was not presented to the trial court as part of the motion to sever." 110 Or App at 252 n 6.

He asserts that he argued in his trial memorandum and in the motion for separate trials that statements made by the codefendant to Lila constituted a reason for a separate trial. Defendant is correct that he did argue that Lila's potential testimony justified a separate trial. However, the basis of his argument before the trial court was that the testimony would be hearsay, because she did not have first hand information. He contended that, "while the shooting was going on in the trailer, she could not see what was happening, she could only hear shots."

Defendant also argues that, if Lila had testified in a joint trial about statements made by either of the codefendants and they did not testify, he would be denied the opportunity to confront *the hearsay declarants*. He did not raise at trial, as he did on appeal, the issues associated with the marital privilege and his right to confront her. We adhere to our holding that the trial court did not err in refusing to sever the trials.

■      Accordingly, the second sentence of note 6 of the opinion, 110 Or App at 252 n 6, is modified to read:

"The potential problems with Lila's testimony that defendant now asserts require separate trials were not presented to the trial court as part of the motion to sever."

Defendant also asserts that we erred in concluding that the trial court did not err in entering a judgment of conviction against him for burglary in the first degree with a firearm. He contends that he cannot be convicted of that

charge, because the indictment did not allege that he used a firearm during the burglary. We held in the opinion that the argument was without merit, because defendant did not raise it at trial. However, we failed to note in the opinion that, although the use of a firearm was not included in the indictment, the trial court did instruct the jury on the alleged use of a firearm in the burglary. Accordingly, the last two sentences of 110 Or App at 259 are modified to read,

> "Furthermore, the trial court specifically instructed the jury to find whether Villarreal 'personally used or personally threatened the use of a firearm' during the commission of the burglary. Defendant did not object to the court's instruction on the use of a firearm nor did he object to imposition of the gun minimum on that basis at the time of sentencing. Defendant may not now object to the trial court's submission of the issue to the jury or to the sentence."

Petition for reconsideration allowed; opinion clarified and adhered to as clarified.