Argued and submitted December 11, 1998, reversed and remanded in part with instructions; otherwise affirmed March 17, 1999

## SCOTT ALLEN LOVELACE,
*Appellant,*

*v.*

## Carl ZENON,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(94C-12419; CA A96932)

976 P2d 575

John E. Storkel argued the cause for appellant. With him on the brief was Storkel & Grefenson P.C.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

Wollheim, J., dissenting.

## DE MUNIZ, P. J.

In this post-conviction relief case, we write only to address petitioner's claim[1] that his trial counsel[2] was constitutionally inadequate because counsel failed to object to petitioner's sentence under the Dangerous Offender Act (Act), ORS 161.725, on the ground that petitioner was entitled to a jury determination of whether the criminal act "seriously endangered the life or safety of another." ORS 161.725(1)(b).

The material facts are undisputed. In 1987, a jury convicted petitioner for assault in the second degree, which is a Class B felony. ORS 163.175. At sentencing, the trial court determined that petitioner's acts seriously endangered the life or safety of another and sentenced him as a dangerous offender. Petitioner's trial counsel did not object to the trial court making that determination. The post-conviction court denied petitioner's claim for relief. As to the issue here, the court based its ruling on the fact that *State v. Mitchell*, 84 Or App 452, 734 P2d 379 (1987), which established a defendant's right to have a jury decide whether the criminal act seriously endangered another,[3] "was handed down after petitioner's conviction." The court concluded: "When an argument is not well settled at law, trial counsel cannot be constitutionally inadequate for failing to make it."

---

[1] Petitioner made five other assignments of error, which we reject without discussion.

[2] At trial, petitioner was represented by two attorneys. In this opinion, we refer to one trial counsel for purposes of simplicity.

[3] In *Mitchell*, which was not decided until approximately one month after petitioner's sentencing, we stated:

"The initial predicate for the court to invoke the dangerous offender statute and proceed to determine if a defendant is in fact a dangerous offender is the type of crime for which the defendant is being sentenced. It must be either a Class A felony or any lesser felony 'that seriously endangered the life or safety of another.' ORS 161.725(2). The sentencing court can determine as a matter of law whether the crime for which defendant has been convicted is a felony and whether it is a Class A or lesser felony. However, *it cannot determine as a matter of law whether the felonious act seriously endangered another.*

"* * * * *

"[A defendant] is entitled under the [Oregon] constitution to a jury determination of that factual element." *Id.* at 456-57 (emphasis added).

■ In determining whether representation was inadequate, we must evaluate whether counsel failed to "do those things reasonably necessary to diligently and conscientiously advance the defense." *Krummacher v. Gierloff*, 290 Or 867, 874, 627 P2d 458 (1981). That determination includes an examination into whether counsel failed to raise reasonable issues at trial that were "fundamental" to a petitioner's defense. *Haynes v. State of Oregon*, 121 Or App 395, 398-99, 854 P2d 949 (1993).

■ Here, petitioner argues that, notwithstanding *Mitchell*'s publication date, the precedent supporting *Mitchell* was well established and "should have alerted [trial] counsel to the premise articulated in *Mitchell*." Petitioner further argues that, because trial counsel should have been aware of *Mitchell*'s premise, "[t]rial counsel had an obligation to raise this issue on petitioner's behalf." We agree.

The premise to which petitioner refers, the right to have a jury decide the elements of a crime, is secured by Article I, section 11, of the Oregon Constitution. The cases that established that premise and that support *Mitchell* are *State v. Wedge*, 293 Or 598, 652 P2d 773 (1982), and *State v. Quinn*, 290 Or 383, 623 P2d 630 (1981), both of which were decided at least five years before petitioner's trial. In each case, the Supreme Court established a "simple principle" for distinguishing whether the inquiries into sentence enhancements are for the jury or for the court: "[T]he facts which constitute the crime are for the jury and those which characterize the defendant are for the sentencing court." *Quinn*, 290 Or at 405; *see also Wedge*, 293 Or at 608 (holding that a determination of whether a defendant used a gun during a robbery, which enhanced the penalty, was for a jury to decide). Here, that principle's application is clear.

Under the Act, the predicate determination for non-Class A felonies is whether the act "is a felony that seriously endangered the life or safety of another." ORS 161.725(1)(b). As we explained in *Mitchell*, that inquiry focuses on the facts of the crime, not the characteristics of the criminal, and thus fits squarely within the "simple principle" analysis. 84 Or App at 458. A reasonably competent defense attorney would

have been able to locate *Mitchell*'s precedent and evaluate its application to petitioner's case with relative ease.

Moreover, because sentencing under the Act involved the possibility that petitioner would receive a more severe sentence, petitioner's trial counsel should have explored related legal arguments to protect petitioner from such a result. Additionally, because the inquiry at issue here involved petitioner's constitutional right to a jury trial, *id.*, his trial counsel was obligated reasonably to protect that right. In sum, petitioner's trial counsel had good reason to prepare himself on the law with respect to sentencing inquiries and had access to relatively straightforward precedent. Trial counsel's failure in that regard was constitutionally inadequate representation. *See Krummacher*, 290 Or at 875 ("[C]ounsel must * * * prepare himself on the law * * * so that he is equipped to * * * represent the defendant in an informed manner.").

Notwithstanding, respondent argues that, because "at the time petitioner was sentenced, no appellate court had [applied that principle to the Act,] * * * trial counsel reasonably decided * * * not to object to the * * * sentence on th[at] basis." Respondent relies on *Wells v. Peterson*, 315 Or 233, 844 P2d 192 (1992), for that proposition.

In *Wells*, the Supreme Court held that trial counsel's failure to challenge a sentence on the ground that it violated a statute "was not inadequate assistance of counsel because, at the time of trial, the meaning of the statute was not clearly settled." *Id.* at 236. *Wells* does not aid respondent here, however, because the sentencing question there had been discussed by this court "with varying results[.]" *Id.* In other words, although examined, it was an unsettled question. Here, in contrast, the "simple principle" analysis, establishing the right to have a jury decide the elements of a crime, was well settled and its application to the Act, although untested, was analytically straightforward. Because the argument was available and apparent at the time of petitioner's trial, an effective defense attorney at least would have raised the issue in the trial court and preserved it for appeal.[4]

---

[1] The dissent's basic premise is that our holding "*requires* trial counsel to do the job of an appellate court." 159 Or App at 164 (emphasis in original). With

■    Additionally, respondent argues that, "because this is an inadequate assistance claim, petitioner must show that he was prejudiced." Respondent is correct that, "[t]o prove inadequate assistance of trial counsel, the petitioner must prove that counsel failed to do the things reasonable necessary to advance the defense *and* that the petitioner suffered prejudice as a result." *Davis v. Armenakis*, 151 Or App 66, 69, 948 P2d 327 (1997), *rev den* 328 Or 83 (1998) (emphasis added). Respondent argues that petitioner here failed to establish prejudice because he failed to show that a jury would have reached a different conclusion than did the court.

However, establishing prejudice in this instance is not dependent on what the jury might have decided. Under the circumstances of this case, the issue would not be before the jury. The requirements in the dangerous offender statute—that the conduct "seriously endangered the life or safety of another—are enhancement factors, not elements of the offense of assault in the second degree, for which petitioner was convicted. However, the state did not separately plead those factors, and, accordingly, petitioner was not given notice that he would have to defend against them. Because the state failed to give petitioner the required notice that he was charged with being a dangerous offender, the jury could not have found that he was. Petitioner demonstrated prejudice here by the imposition of a 30-year sentence when the state did not plead or prove the elements necessary for that sentence.

---

respect, that premise misses the point entirely. We are requiring only that trial counsel do his or her job—trial advocacy. That obligation does not, as suggested by the dissent, impose on trial counsel the additional duty to predict accurately an appellate court's response to trial counsel's arguments. What an appellate court might do does not necessarily dictate trial counsel's duty; what an appellate court has done, however, is absolutely germane to trial counsel's job. Stripped to its essentials, the dissent equates constitutionally adequate representation with advocacy that is blind to fundamental and straightforward legal arguments.

The dissent's reliance on *State v. Hoffman*, 236 Or 98, 385 P2d 741 (1963), further confuses its point. There, the Supreme Court held that, with respect to a court determining whether to enhance a defendant's penalty based on evidence of prior crimes, no right to a jury trial attended because evidence of prior crimes had nothing to do with establishing the facts of the predicate offense. *Id.* at 107. Why that holding, which is totally consistent with *Quinn* and *Wedge*, would confuse trial counsel here about applicability of the "simple principle" is difficult to understand.

Reversed with instructions to vacate petitioner's sentence and to remand for resentencing; otherwise affirmed.

**WOLLHEIM, J.,** dissenting.

The majority's holding, in essence, *requires* trial counsel to do the job of an appellate court. This is the danger of applying "pure hindsight," *Turner v. Maass,* 103 Or App 109, 110 n 3, 795 P2d 617, *rev den* 310 Or 547 (1990), to measure the effectiveness of counsel at trial, and for that reason I respectfully dissent.

Trial counsel is required to "do those things reasonably necessary to diligently and conscientiously advance the defense." *Krummacher v. Gierloff,* 290 Or 867, 874, 627 P2d 458 (1981). However, the majority dismisses the fact that the meaning of the Dangerous Offender Act (the Act), ORS 161.725, "was not clearly settled." *Wells v. Peterson,* 315 Or 233, 236, 844 P2d 192 (1992). Instead, the majority, with the benefit of studied and deliberate hindsight, explains that the established "simple" legal principle announced in *State v. Quinn,* 290 Or 383, 405, 623 P2d 630 (1981), and *State v. Wedge,* 293 Or 598, 607, 652 P2d 773 (1982), was clear enough at the time of petitioner's trial to *require* his trial counsel to have *applied* that principle to the Act even though no appellate court had yet applied the principle to the Act.

I take exception to the majority's approach for three reasons. First, it effectively ignores the caveat that "application of this simple principle is not always so simple." 293 Or at 607. I start from the general premise that courts are obligated to interpret statutes as constitutional, "if that can be done." *State v. Charlesworth/Parks,* 151 Or App 100, 107, 951 P2d 153 (1997), *rev den* 327 Or 82 (1998). Additionally, in general, "there is no right to a jury for sentencing" under the Oregon or United States Constitutions. *Wedge,* 293 Or at 605. The Act sets out the "[s]tandards of *sentencing* of dangerous offenders." ORS 161.725 (emphasis added). Indeed, it is an enhanced penalty statute, and Oregon has "upheld other enhanced penalty statutes even though they required additional post-trial findings by the court as a basis for a greater sentence." *Quinn,* 290 Or at 405.

In *Quinn* and *Wedge*, the Oregon Supreme Court invalidated the respective statutes insofar as they permitted or required the court to make a finding of predicate fact as to an element of the crime. But both statutes in question explicitly added elements to the crime and squarely placed the finding of those elements on the court. *See Wedge,* 293 Or at 600 n 1 (where ORS 161.610(4) stated "if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment"); *Quinn,* 290 Or at 406 (the addition of the mental state, deliberation, "in the act of homicide is part of an act declared by the legislature to be criminal" and thus must be determined by a jury). The Act provides that when a court finds, in part, that "[t]he defendant is being sentenced for a felony that seriously endangered the life or safety of another," the court may sentence the defendant as a dangerous offender. ORS 161.725(1)(b). The Act does not *as clearly* require the court to "find beyond a reasonable doubt" a fact traditionally or expressly predicate to the crime. *Wedge,* 293 Or at 600 n 1. Therefore, I find the application of the "simple" principle to the Act not as "simple" as the majority suggests. I would not require trial counsel to predict that an appellate court would read the Act, which appeared facially consistent with the general procedures for sentencing, as unconstitutional—a reading we would normally take pains to avoid.

My second exception is that, notwithstanding the clarity of the application of the principle to the Act, I simply do not believe that trial counsel is required to *anticipate* what the law would be if an appellate court had addressed it. While such anticipation would be good lawyering, it is not a measure of the constitutional adequacy of counsel. Certainly, I agree that counsel is required to be prepared on the law to enable informed representation of a defendant. *Krummacher,* 290 Or at 875. But that relates only to counsel being informed on what the law *is,* or perhaps to be aware if there is an *active* debate in the court or at bar about its meaning. I do not believe that counsel must be able to predict that a principle of law announced in similar but different contexts, will be applied to overturn an unassailed portion of a statute.

I believe that especially in a case, as here, concerning the litigation of multiple and complex issues, the majority's requirement places too heavy a burden on counsel.

My third reason concerns the majority's discounting the state's reliance on *Wells*. The majority holds that *Wells* does not apply because the law in *Wells* was unsettled and the law here was "well settled." 159 Or App at 162. I do not agree. Until this court decided *State v. Mitchell*, 84 Or App 452, 734 P2d 379, *rev den* 303 Or 590 (1987), no appellate court considered whether the current Dangerous Offender Act required a jury to decide whether a defendant was a dangerous offender. However, the same issue was considered under the predecessor statute, the Habitual Criminal Act, ORS 168.085 (1963). In *State v. Hoffman*, 236 Or 98, 104, 385 P2d 741 (1963), the defendant argued that Article I, section 11, of the Oregon Constitution, required a jury trial to determine whether he had been convicted of prior crimes. The Supreme Court rejected the defendant's argument:

> "The duty of determining the extent of the penalty to be imposed in a criminal case * * * is by law imposed upon the trial judge. The extent of that punishment is legislative, limited only by the constitutional prohibition against cruel and inhuman punishment." *Id.* at 107.

Based on *Hoffman,* reasonable trial counsel could have disagreed about whether to make an argument that ORS 161.725 required a jury determination because at that time the meaning of the statute was not clearly settled.

With respect, I fear the ramifications of the majority's requirement could open a pandora's box of hindsight being right-sight.

I respectfully dissent.