Submitted on record and briefs June 20, affirmed December 28, 2005, petition for review denied April 4, 2006 (340 Or 359)

# FILIPE PERALTA-BASILIO,
*Appellant,*

*v.*

# Jean HILL,
## Superintendent,
## Snake River Correctional Institution,
*Respondent.*

## 03-08-3017M; A125997

126 P3d 1

Hari Nam S. Khalsa filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-In-Charge, Collateral Remedies and Capital Appeals, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Ortega, Judge.

LANDAU, P. J.

---

* Brewer, C. J., *vice* Richardson, S. J.

**LANDAU, P. J.**

Petitioner appeals a judgment dismissing his petition for post-conviction relief. We affirm.

The relevant facts are not in dispute. In 2002, petitioner was convicted of driving while under the influence of intoxicants, ORS 813.010; assault in the second degree, ORS 163.175; and assault in the third degree, ORS 163.165. Petitioner entered into a plea agreement that permitted him to plead no contest on several of the charges. At his sentencing on September 17, 2002, the court imposed a dispositional and durational upward departure sentence on the third-degree assault conviction, based on findings that the offenses involved multiple victims; that some of the victims sustained permanent injuries that were greater than those typical for the offense; that petitioner had engaged in evasive conduct; and that he had exhibited a lack of concern for the welfare of the victims. That departure sentence—36 months in prison with 24 months' supervision—was within the maximum allowable penalty of five years for a Class C felony set out in ORS 161.605.

Petitioner eventually filed a petition for post-conviction relief, alleging, among other things, that his criminal trial counsel was constitutionally inadequate because counsel failed to object to the departure sentence on the ground that the state did not allege the aggravating factors in the indictment or prove those factors beyond a reasonable doubt to the trier of fact, as required by *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The post-conviction court rejected all of petitioner's claims and dismissed the petition.

On appeal, petitioner advances two arguments. First, he argues that, because the departure sentence on the third-degree assault conviction was unconstitutional, the post-conviction court should have modified it. The state responds that, because petitioner did not assert that claim in his petition for post-conviction relief, it is waived.

■   The state is correct. Petitioner did not assert in his petition for post-conviction relief a claim that his sentence was unconstitutional. His sole claim was that his criminal trial counsel was constitutionally inadequate. *See Pinnell v. Palmateer*, 200 Or App 303, 334, 114 P3d 515 (2005) (a claim not asserted in the post-conviction petition is deemed waived). In any event, the principles announced in *Apprendi* do not apply retroactively in collateral, post-conviction proceedings. *Page v. Palmateer*, 336 Or 379, 84 P3d 133, *cert den*, 543 US 866, 125 S Ct 205, 160 L Ed 2d 110 (2004); *Makinson v. Lampert*, 199 Or App 418, 112 P3d 365, *rev den*, 339 Or 230 (2005). The same holds true with respect to the principles set out in *Blakely*. *McClanahan v. Hill*, 200 Or App 9, 10, 112 P3d 456, *rev den*, 339 Or 450 (2005).

■   Second, petitioner argues that his criminal trial counsel's failure to object to the departure sentence on *Apprendi* and *Blakely* grounds amounted to constitutionally inadequate assistance. To prevail on such a claim under the Oregon Constitution, petitioner must show by a preponderance of the evidence that his counsel "failed to exercise reasonable professional skill and judgment, and that petitioner suffered prejudice as a result." *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002). Similarly, to prevail under the federal constitution, petitioner must show that his counsel's performance was deficient and that the deficient performance caused actual prejudice. *Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

■   Whether counsel exercised reasonable skill and judgment entails an examination of the state of the law at the time of the criminal trial. *Wells v. Peterson*, 315 Or 233, 236, 844 P2d 192 (1992) ("Failure of petitioner's criminal trial counsel [to raise an issue] was not inadequate assistance of counsel, because at the time of trial the meaning of the statute was not clearly settled."); *Turner v. Maass*, 103 Or App 109, 110 n 3, 795 P2d 617, *rev den*, 310 Or 547 (1990) (whether assistance of counsel was constitutionally adequate depends on the state of the law at the time counsel acted and not on whether the law has subsequently been overruled). That a particular issue is "unsettled" at the time, however, is not dispositive. As the Supreme Court explained in *Burdge v. Palmateer*, 338 Or 490, 500, 112 P3d 320 (2005), even if the

state of the law is unsettled, the nature of the issue may be such that the benefits of raising it are so clear that any lawyer exercising reasonable professional skill and judgment would raise it.

In this case, petitioner was sentenced in September 2002. Eight months earlier, we had decided *State v. Dilts*, 179 Or App 238, 39 P3d 276 (2002), *aff'd*, 336 Or 158, 82 P3d 593 (2003), *vac'd and rem'd*, 542 US 934, 124 S Ct 2906, 159 L Ed 2d 809 (2004). In *Dilts*, the defendant had been convicted of third-degree assault, and the trial court had imposed an upward departure sentence of 36 months' imprisonment based on aggravating factors. On appeal, the defendant argued that, under *Apprendi*, imposition of a departure sentence based on facts neither admitted nor proved beyond a reasonable doubt effected a violation of his constitutional rights. This court rejected the defendant's argument and held that a departure from a presumptive sentence did not run afoul of *Apprendi* as long as the upward departure was authorized under the sentencing guidelines and did not exceed the statutory maximum set out in ORS 161.605.

Thus, had counsel objected to petitioner's sentence— as petitioner contends counsel should have done—it is clear that, under our opinion in *Dilts*, the objection would have failed. The facts of *Dilts* are materially indistinguishable from the facts of this case. *See also State v. Gornick*, 196 Or App 397, 410, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005) ("Defendant's failure to present the [*Apprendi/ Blakely* challenge] to the trial court * * * is excusable under the circumstances. Had defendant raised the objection[ ] * * * the trial court properly would have rejected his challenge under *Dilts*.").[1]

It is true that, although the Oregon Supreme Court initially affirmed our decision, *State v. Dilts*, 336 Or 158, 82 P3d 593 (2003), the United States Supreme Court later vacated the Oregon Supreme Court's decision and remanded

---

[1] Our decision in *Walton v. Thompson*, 196 Or App 335, 102 P3d 687 (2004), is not to the contrary. In that case, we concluded that counsel reasonably could have sought review of an unfavorable decision of this court. That is a different question from whether it was unreasonable for counsel *not* to have objected in the face of an unfavorable decision of this court.

the case for reconsideration in light of *Blakely*. *Dilts v. Oregon*, 542 US 934, 124 S Ct 2906, 159 L Ed 2d 809 (2004). And, following that, the Oregon Supreme Court vacated and remanded for resentencing in light of the United States Supreme Court's decision. *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004). The ultimate fate of *Dilts*, however, is not dispositive, particularly given the fact that virtually no court in the nation anticipated *Blakely*.

Before that decision, in fact, every single federal circuit court had come to the same conclusion, regarding schemes similar to Oregon's sentencing guidelines, as we did in *Dilts*. *See United States v. Johnson*, 335 F3d 589, 591-92 (7th Cir 2003), *cert den*, 540 US 1011 (2003); *United States v. Piggie*, 316 F3d 789, 791 (8th Cir 2003), *cert den*, 540 US 857 (2003); *United States v. Toliver*, 351 F3d 423, 434 (9th Cir 2003), *cert den*, 541 US 1079 (2004); *United States v. Mendez-Zamora*, 296 F3d 1013, 1020 (10th Cir 2002), *cert den*, 537 US 1063 (2002); *United States v. Bartholomew*, 310 F3d 912, 925-26 (6th Cir 2002), *cert den*, 537 US 1177 (2003); *United States v. Marino*, 277 F3d 11, 38 (1st Cir 2002), *cert den*, 536 US 948 (2002); *United States v. Fields*, 251 F3d 1041, 1043-44 (DC Cir 2001), *cert den*, 540 US 960 (2003); *United States v. Rivera*, 282 F3d 74, 76-77 (2d Cir 2000), *cert den*, 537 US 931 (2002); *United States v. Williams*, 235 F3d 858, 863 (3d Cir 2000), *cert den*, 534 US 818 (2001); *United States v. Kinter*, 235 F3d 192, 201 (4th Cir 2000), *cert den*, 532 US 937 (2001); *United States v. Doggett*, 230 F3d 160, 166 (5th Cir 2000), *cert den*, 531 US 1177 (2001); *United States v. Nealy*, 232 F3d 825, 829 n 3 (11th Cir 2000), *cert den*, 534 US 1023 (2001); *see also* Kevin R. Reitz, *The New Sentencing Conundrum: Policy and Constitutional Law at Cross-Purposes,* 105 Colum L Rev 1082, 1091-92 (2005) ("Here was the huge surprise in *Blakely*: that a guideline presumption nested within broader statutory parameters should itself be understood as a statutory maximum. Indeed, the Supreme Court, in a number of prior rulings concerning the federal sentencing guidelines, had consistently characterized presumptive guideline ranges as falling within the outer boundaries of statutory maximum penalties. Most observers did not foresee the new constitutional definition of 'statutory maximum' the *Blakely* Court would pronounce * * *."); R. Craig Green, *Apprendi's Limits,*

39 U Rich L Rev 1155, 1162-63 (2005) ("After *Apprendi*, every court of appeals held that nonstatutory Guideline enhancements satisfy the Constitution because Guideline sentences are always less than the crime of conviction's statutory maximum. Although numerous defendants sought review of those decisions, the Supreme Court denied certiorari, suggesting that the dissenters might have overstated *Apprendi's* disruptive potential. Then came *Blakely v. Washington.*").

We conclude that, given the state of the law in the fall of 2002, when petitioner was sentenced, counsel did not fail to exercise reasonable skill and judgment in failing to object to defendant's departure sentence. It follows that the trial court did not err in dismissing petitioner's inadequate assistance of counsel claim.

Affirmed.