Argued and submitted January 18, reversed and remanded with instructions to vacate petitioner's sentences and to remand for resentencing; otherwise affirmed April 5, 2006

## DANYALE DEWITT GILL,
*Appellant,*

*v.*

## Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

0201-1650-M; A121390

132 P3d 674

Harrison Latto argued the cause and filed the briefs for appellant.

Jennifer S. Lloyd, Attorney-In-Charge, Collateral Remedies and Capital Appeals, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. He argues that he is entitled to post-conviction relief because he received inadequate assistance of counsel at his underlying criminal trial. Specifically, he contends that his trial counsel was deficient because he failed to object to the imposition of dangerous offender sentences based on facts pertaining to the offenses at issue—as opposed to facts pertaining to petitioner—that were not found by a jury. Defendant, the superintendent of the correctional facility in which petitioner is incarcerated, argues, among other things, that the jury's guilty verdict necessarily included a finding of the facts on which petitioner's dangerous offender sentences were based. On review for errors of law, *Ashley v. Hoyt*, 139 Or App 385, 391, 912 P2d 393 (1996), we reverse and remand.

The following facts are not in dispute. Petitioner was charged in 1998 with a number of crimes, including two counts of attempted aggravated murder, ORS 163.095, and two counts of attempted assault in the first degree with a firearm, ORS 163.185, in connection with an incident in which petitioner tried to elude two police officers who had told him he was under arrest for drug offenses. When the officers informed petitioner that he was under arrest, he fled, first in his car and then on foot. Petitioner was armed with a handgun. After both petitioner and the officers had left their respective vehicles, petitioner's handgun discharged several times.[1] The officers eventually subdued petitioner and took him into custody.

On November 13, 1998, a jury acquitted petitioner of the attempted aggravated murder charges but convicted him of both counts of attempted assault as well as several other charges. After the court excused the jury, the prosecutor requested that the court consider imposing a dangerous offender sentence in light of petitioner's criminal history,

---

[1] At his criminal trial, petitioner claimed that his gun had fired accidentally.

which included four prior felony convictions. The court scheduled a presentence investigation and ordered a psychological evaluation of petitioner.

Petitioner was sentenced on January 13, 1999. At the sentencing hearing, the court received evidence and heard the arguments of the parties. It found that petitioner met the criteria set forth in the dangerous offender sentencing statute, ORS 161.725. In particular, it found that petitioner had "seriously endangered the life or safety of another," had previously been convicted of an unrelated felony, and suffered from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another. It sentenced him to a 30-year indeterminate prison term on one attempted assault conviction and a consecutive 10-year indeterminate prison term on the other. Petitioner's counsel challenged the dangerous offender sentence on several grounds, but he did not object on the ground that the court—as opposed to the jury—had made the finding that petitioner had seriously endangered the life or safety of another.

Petitioner appealed, asserting that, under this court's decision in *State v. Mitchell*, 84 Or App 452, 734 P2d 379, *rev den*, 303 Or 590 (1987), he was entitled to a jury finding as to whether his offenses had seriously endangered the life or safety of the victims. The state responded that petitioner's argument was unpreserved and was not a claim of plain error. We affirmed the trial court's judgment without opinion, and the Supreme Court denied review. *State v. Gill*, 172 Or App 296, 19 P3d 389, *rev den*, 332 Or 240 (2001).

Petitioner then filed the petition for post-conviction relief that is the subject of this appeal. In it, he contended that his trial counsel had provided inadequate assistance by failing to object to the dangerous offender sentence on the ground that the *jury* did not make the finding of serious endangerment. The post-conviction court rejected the petition.

■      On appeal, petitioner renews the argument that his trial counsel's performance was inadequate. He contends that, at the time of his sentencing, the law was settled that, whereas facts that characterize a defendant are to be found

by the court, facts related to the crime are for the jury to find. Petitioner argues that his trial counsel should have been aware of the state of the law and that counsel's failing prejudiced petitioner.[2]

■ Defendant does not dispute petitioner's contention that it is settled law that serious endangerment is a fact related to the crime; nor does defendant dispute that petitioner was entitled to have a jury determine that fact. Instead, defendant argues that the jury's verdict constituted a finding that petitioner's actions seriously endangered the life or safety of another. Because no separate jury finding was required, defendant asserts, petitioner's trial counsel was not inadequate because he had no basis on which to argue that petitioner was denied a jury trial on the serious endangerment issue. Defendant also argues that, even if counsel was inadequate, petitioner failed to prove that he was prejudiced by counsel's failure to object, because the record of petitioner's trial provides no grounds for concluding that there is any substantial possibility that, had the issue been submitted to a jury, the result would have been any different.[3]

At the outset, we agree with the parties that, at the time of petitioner's sentencing it was settled law that, when a defendant is sentenced as a dangerous offender, the defendant is entitled to have a jury decide whether the criminal act seriously endangered another. We so held in *Mitchell* more than 10 years before petitioner was sentenced. We have also held that it constitutes inadequate assistance of counsel if counsel fails to object when a court, rather than a jury, makes

---

[2] In a supplemental *pro se* brief, petitioner raises other arguments, all of which we reject without discussion.

[3] Defendant also argues that petitioner's trial counsel may have made a tactical choice not to submit the issue of serious endangerment to a jury. Defendant did not raise that argument before the post-conviction court, and, consequently, that court did not find that trial counsel's failure to object was a tactical choice. We will affirm a trial court's decision under the "right for the wrong reason" principle, *see Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), only if certain conditions exist. One of those conditions is that, if the question presented is not purely one of law, the record must "materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below." *Id.* In this case, had defendant raised the "tactical choice" argument before the post-conviction court, petitioner might have put on evidence showing that his trial counsel's failure to object was not the product of a tactical decision. Accordingly, we will not affirm on that ground.

the serious endangerment finding. *See Lovelace v. Zenon*, 159 Or App 158, 976 P2d 575 (1999), *rev den*, 329 Or 589 (2000). It follows that, unless the jury did, in fact, make the necessary finding in petitioner's case, or unless petitioner was not prejudiced by counsel's failure to object to the court-made finding, he is entitled to post-conviction relief. Accordingly, we turn to defendant's arguments.

As noted, defendant first argues that the jury necessarily found that petitioner had seriously endangered the lives or safety of the two arresting officers. Defendant asserts, "The jury in this case convicted petitioner of attempting to cause the victims serious physical injury. The only possible theory of guilt was that he did so by shooting at them several times at close range."

Defendant mischaracterizes the nature of petitioner's conviction and the findings that were necessary thereto. The only findings that were necessarily included in the jury's verdict are those that were essential to convict petitioner. Petitioner was convicted of attempted first-degree assault with a firearm. ORS 163.185(1) provides that a person commits first-degree assault if the person "intentionally causes serious physical injury to another by means of a deadly or dangerous weapon." ORS 161.405(1) defines "attempt" as follows: "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Thus, the jury necessarily found that petitioner took a substantial step toward causing serious physical injury to another by means of a firearm.

For conduct to constitute a substantial step toward commission of a crime, the conduct must advance the criminal purpose charged and provide some verification of the existence of that purpose. *State v. Jessen*, 162 Or App 662, 668, 986 P2d 684 (1999), *rev den*, 329 Or 589 (2000). "An attempt, by definition, does not require that all elements of the offense be completed." *State v. Quintero*, 110 Or App 247, 257, 823 P2d 981 (1991), *adh'd to on recons*, 114 Or App 142, 834 P2d 496, *rev den*, 314 Or 392 (1992). It follows that an attempted assault can occur without the offender seriously

endangering the life or safety of any person and, further-more, that a jury can convict a person of attempted assault without finding serious endangerment. *See State v. O'Hara*, 152 Or App 765, 768, 955 P2d 313, *rev den*, 327 Or 305 (1998) (conviction for attempted first-degree assault "does not require [the] defendant to have *caused* serious injury, only that he have *intended* to cause such injury" (emphasis in original)).

Because the jury in petitioner's trial did not necessarily find serious endangerment, petitioner's counsel had grounds to object to the imposition of dangerous offender sentences. By failing to object on that ground, he failed to provide adequate assistance to petitioner.

■　　As noted, defendant argues that, even if counsel's performance was deficient, petitioner failed to show that he was prejudiced. *See Stevens v. State of Oregon*, 322 Or 101, 110, 902 P2d 1137 (1995) (in the context of a post-conviction relief claim, "prejudice" means that counsel's acts or omissions had "a tendency to affect the result of the prosecution"). According to defendant, the record of petitioner's criminal trial provides no basis for concluding that there is any substantial possibility that, had the serious endangerment question been submitted to a jury, the result would have been any different. Petitioner argues in reply that we need not consider whether a jury would have made a different determination than the judge made. Relying on our opinion in *Lovelace*, petitioner contends that, because the state did not plead serious endangerment in the indictment, the trial court could not have submitted the issue to a jury.

Petitioner reads too much into *Lovelace*. In that case, the state failed to give the petitioner "notice that he was charged with being a dangerous offender." 159 Or App at 163. Because of that, we held that establishing prejudice was "not dependent on what the jury might have decided," because the issue "would not be before the jury." *Id.* Although we stated our conclusion in terms of the state's failure to "plead" the enhancement factors, we did not specifically hold that Oregon law requires that sentence enhancement factors appear in the indictment, and—given that the petitioner had

not received notice in any form—such a holding was not necessary to our decision. No other case of which we are aware has addressed that issue under Oregon law. It remains an open question whether Oregon law requires that sentence enhancement factors be pleaded in the indictment. *Cf. State v. Sawatzky*, 339 Or 689, 698, 125 P3d 722 (2005) (federal Indictment Clause does not require states to plead sentencing factors).

This case does not require us to answer that question. The post-conviction court found that the state had orally given petitioner's trial counsel notice that it intended to seek dangerous offender sentences. Assuming, without deciding, that such notice would have been sufficient to allow the trial court to submit the serious endangerment question to a jury, we reject the defendant's assertion that there is no basis from which to conclude that the result could have been different. The trial record consists largely of testimonial evidence that offered conflicting views of the events leading to petitioner's convictions. A reasonable jury could have concluded that petitioner's attempted assaults did not seriously endanger anyone.

Reversed and remanded with instructions to vacate petitioner's sentences and to remand for resentencing; otherwise affirmed.