Submitted on record and briefs April 18, affirmed July 11, petition for review denied December 26, 2007 (343 Or 690)

## MICHAEL SALVATORE BUFFA,
*Petitioner-Appellant,*

*v.*

## Brian BELLEQUE,
### Superintendent,
### Oregon State Penitentiary,
*Defendant-Respondent.*

## Marion County Circuit Court
## 03C11980; A127476

162 P3d 376

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC filed the brief for appellant. Michael Salvatore Buffa filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denise G. Fjordbeck, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals a judgment denying his petition for post-conviction relief. We write only to discuss his claim that his trial counsel was constitutionally inadequate because counsel failed to object to the imposition of departure sentences without a jury determination of the necessary predicate facts. Because we conclude that, at the time of petitioner's sentencing, reasonable counsel could have believed that such an objection would be without merit, we affirm.

The relevant facts are undisputed. Petitioner was convicted in 2000 of a number of offenses related to burglaries that he committed between December 1999 and March 2000. On June 14, 2000, the trial court sentenced him under the sentencing guidelines. In doing so, the court found that petitioner had engaged in "persistent involvement in similar offenses," which, under the sentencing guidelines, was an aggravating factor that justified an upward departure. The court had not presented that issue to the jury, and the jury made no findings pertinent to it. The departure sentences that the court imposed were greater than the guidelines would have permitted in the absence of that finding. The court entered the judgment that imposed the sentences in the trial court register on July 19, 2000.

On June 26, 2000, between the imposition of sentence and the entry of the judgment in the register, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). In *Apprendi*, the Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Petitioner's trial counsel did not move for reconsideration of the sentences after the decision in *Apprendi* but before the entry of the judgment and, thus, did not preserve the issue of the validity of the departure sentences for appeal. Later, in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the United States Supreme Court held that, under a statutory sentencing scheme virtually identical to that of Oregon, the relevant statutory maximum sentence for

*Apprendi* purposes is the maximum sentence that the guidelines authorize without additional factual determinations, not the maximum sentence provided in the statute creating the crime. As a result, it is now clear that petitioner's departure sentences do not comply with *Apprendi* and *Blakely*. *See State v. Sawatzky*, 195 Or App 159, 96 P3d 1288 (2004).

■■ On post-conviction review, petitioner argues that his trial counsel rendered constitutionally inadequate assistance at the time of his sentencing. In order to prevail on that argument, it is not sufficient for petitioner to show that his departure sentences would be erroneous under the law as it currently stands. Rather, to prove inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, he must show, by a preponderance of the evidence, (1) facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment at the time of his sentencing and (2) that petitioner suffered prejudice as a result or that the error had a tendency to affect the result of the prosecution. *Burdge v. Palmateer*, 338 Or 490, 492, 112 P3d 320 (2005); *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995). The standard under the Sixth Amendment to the United States Constitution is similar. A petitioner must show that counsel's performance was deficient and that the deficient performance caused actual prejudice to the defense. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Adequate performance includes identifying and advocating for issues that may benefit the defendant at sentencing. If a lawyer exercising reasonable professional skill and judgment would have recognized such an issue and would have concluded under the circumstances that the benefits of raising it outweighed the risks of doing so, failing to raise the issue may constitute inadequate assistance. *See Burdge*, 338 Or at 498.

In two previous cases, the Oregon appellate courts have held that the failure of a petitioner's trial counsel to anticipate *Apprendi* or *Blakely* did not constitute inadequate assistance. In *Miller v. Lampert*, 340 Or 1, 125 P3d 1260 (2006), the trial court sentenced the petitioner as a dangerous offender in 1998, two years before the decision in *Apprendi*. In doing so, the trial court made findings that *Apprendi* reserves to a jury. In considering the petitioner's

post-conviction claims after *Apprendi*, the Supreme Court first held that *Apprendi* does not apply retroactively. *Miller*, 340 Or at 12-13. It then turned to the petitioner's claim that his counsel had been constitutionally inadequate for failing to anticipate the *Apprendi* rule and advocate for it at the time of sentencing.

In deciding the claims in *Miller*, the court noted that the relevant United States Supreme Court cases at the time of the sentencing appeared to hold that a sentencing factor did not constitute an element of the offense that the jury had to find by a preponderance of the evidence. In particular, it pointed out that *Almendarez-Torres v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998), permitted the trial court to enhance the sentence of a deported alien who returned to the United States illegally if the court found, by a preponderance of the evidence, that the alien had a previous felony conviction. That enhancement, the Court held, was not an element of the offense; it explained that, in general, sentencing factors that enhance the statutory maximum sentence do not constitute elements of an offense. *Miller*, 340 Or at 14-16 (discussing *Almendarez-Torres*). In the legal context that existed at the time of the petitioner's sentencing in *Miller*, the court held, the petitioner's trial counsel did not exercise inadequate skill and judgment in failing to anticipate that the Court would, two years after deciding *Almendarez-Torres*, effectively reverse course in *Apprendi*, adopt the reasoning of the dissent in *Almendarez-Torres*, and limit that case to its facts. Thus, the court concluded, the petitioner did not receive inadequate assistance of counsel under either the state or federal constitution. *Miller*, 340 Or at 16-17.

In *Peralta-Basilio v. Hill*, 203 Or App 449, 126 P3d 1 (2006), *rev den*, 340 Or 359 (2006), the petitioner received a dispositional and durational upward departure sentence under the guidelines on a conviction for third-degree assault in 2002—after *Apprendi* but before *Blakely* was decided. That sentence was less than the statutory indeterminate sentence for the crime, although it was greater than the guidelines presumptive sentence. The trial court based the departure sentence on a number of findings that the court made after the petitioner pleaded no contest to the charge. The petitioner subsequently filed a petition for post-conviction

relief, arguing that his trial counsel was constitutionally inadequate for failing to object under the principles established in *Apprendi* and *Blakely*. At the time of sentencing, the controlling decision was our opinion in *State v. Dilts*, 179 Or App 238, 39 P3d 276 (2002), *aff'd*, 336 Or 158, 82 P3d 593 (2003), *vac'd and rem'd*, 542 US 934, 124 S Ct 2906, 159 L Ed 2d 809, *rev'd and rem'd*, 337 Or 645, 103 P3d 95 (2004). In *Dilts*, we held that, under *Apprendi*, the maximum permissible sentence in the absence of additional jury findings was the statutory maximum indeterminate sentence for the crime, not the presumptive guidelines sentence. Thus, according to *Dilts*, a trial court could impose an upward departure up to the statutory indeterminate sentence without needing a jury's determination of the facts that supported the upward departure. *Dilts*, 179 Or App at 251-52.

In *Peralta-Basilio*, we noted that, before *Blakely*, every federal circuit court had come to the same conclusion that we reached in *Dilts* regarding schemes similar to Oregon's guidelines. 203 Or App at 454. We also quoted commentators who emphasized that *Blakely's* treating a guidelines presumptive sentence as a statutory maximum was a significant surprise that few if any observers anticipated. *Peralta-Basilio*, 203 Or App at 454-55. Given that state of the law, we concluded that the petitioner's counsel did not exercise inadequate skill and judgment in failing to object to the departure sentences at the time of sentencing.

■ *Peralta-Basilio* would appear to resolve petitioner's claim of inadequate assistance. Petitioner argues that *Peralta-Basilio* is distinguishable, however, because we had decided *Dilts* before the sentencing in that case, whereas, in this case, the sentencing occurred before *Dilts* was decided. Thus, according to petitioner, his trial counsel confronted no directly contrary authority at the time of sentencing. Indeed, petitioner argues, there had been no time for there to be any significant relevant authority one way or the other; the issue was, at best, unsettled. Based on those facts, petitioner argues that, although it was reasonable for trial counsel in *Peralta-Basilio* to fail to make an argument that flew directly in the face of *Dilts*, it was not reasonable for trial counsel in his case to fail to make an argument that flowed from *Apprendi* and that had no authority against it.

The difficulty with petitioner's argument is that, as we described in *Peralta-Basilio*, the essentially universal conclusion of the courts before *Blakely* was that *Apprendi* applied only to sentences that exceeded the statutory maximum sentence for the crime, not sentences that departed from a presumptive sentence in a guidelines scheme. The Court's use of the phrase "statutory maximum" in itself seemed to support that conclusion. The Oregon Supreme Court held in *Miller* that, given the state of the law before *Apprendi*, trial counsel was not required to anticipate that decision. In the same way, given the common understanding of *Apprendi* before the decision in *Blakely*, counsel, exercising reasonable skill and judgment, could well conclude, even before *Dilts*, that there was no merit in raising an *Apprendi* argument against a guidelines departure sentence.[1] The trial court correctly concluded that petitioner's trial counsel satisfied the appropriate constitutional standards.

Affirmed.

---

[1] The fact that trial counsel in *Sawatzky* did accurately anticipate *Blakely* does not mean that a different counsel's failure to do so was the result of failing to exercise reasonable skill and judgment. Reasonably skilled counsel can reach different conclusions on this as on other issues.